# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-09-00394-CV
---

**Texas Department of Public Safety, Appellant**

**v.**

**Josue Garcia, Appellee**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. D-1-GN-09-000421, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING**
---

## O P I N I O N

Appellant Texas Department of Public Safety appeals from a district court order in favor of Josue Garcia reversing the Department's determination that Garcia was required to register as a sex offender for life pursuant to the Texas Sex Offender Registration Act (SORA). *See generally* Tex. Code Crim. Proc. Ann. arts. 62.001-.408 (West 2006 & West Supp. 2010). In two issues, the Department complains that the district court erred (i) in determining that the Oregon statute under which Garcia was convicted is not substantially similar to a SORA offense and (ii) in considering the individual facts and circumstances of Garcia's conviction in its determination. For the reasons that follow, we affirm the district court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, appellee Josue Garcia, who was 21 years old at the time, was charged with the offense of contributing to the sexual delinquency of a minor in Oregon. *See* Or. Rev. Stat.

§ 163.435 (2010).  Under the Oregon statute, the age of consent is 18.  *Id.*  Garcia contends, and the Department does not dispute, that the victim was Garcia's 17-year-old girlfriend and that the act forming the basis of the charge was consensual.  Garcia pleaded guilty and was sentenced to 36 months probation.  His probation was subsequently revoked, and he was sentenced to 180 days in jail with credit for time served.

In 2007, Garcia moved to Texas.  Soon thereafter, the Department determined that Garcia was required to register as a sex offender annually for his lifetime based on the Department's previous determination, pursuant to its statutory duty under articles 62.001 and 62.003 of the Texas Code of Criminal Procedure, that the elements of the Oregon statute under which Garcia was convicted are "substantially similar" to those of an offense identified as reportable under SORA.  *See id.*; Tex. Code Crim. Proc. Ann. arts. 62.001(5)(H) (West Supp. 2010), 62.003 (West 2006); *see also* Tex. Code Crim. Proc. Ann. art. 62.101 (West 2006) (lifetime registration unless exception applies).  Pursuant to articles 62.004 and 62.053 of the code of criminal procedure, the Department then provided Garcia with notice of the requirement to register.  *See* Tex. Code Crim. Proc. Ann. arts. 62.004, .053 (West Supp. 2010).

In 2009, Garcia appealed the Department's determination to the Travis County district court pursuant to article 62.003(c) of the code of criminal procedure.  *See id.* art. 62.003(c).  In his appeal, Garcia argued that the elements of the Oregon statute under which he was convicted are not substantially similar to the elements of section 22.011 of the Texas Penal Code and asked the district court to find that his prior conviction did not constitute a reportable conviction for purposes   of

2

sex offender registration under article 62.001(5)(H) of the code of criminal procedure.  See *id.* art. 62.001(5)(H); Or. Rev. Stat. § 163.435; Tex. Penal Code Ann. § 22.011 (West Supp. 2010).

At a hearing, the district court heard argument of counsel and considered Garcia's evidence, which consisted of a copy of the Department's sex offender registry entry for Garcia, section 163.435 of the Oregon Revised Statutes, and section 22.011 of the Texas Penal Code.  The Department offered no evidence.  Following the hearing, the district court entered an order finding that Garcia's conviction under section 163.435 of the Oregon Revised Statutes is not a reportable conviction or adjudication under article 62.001(5)(H) of the Texas Code of Criminal Procedure in that it is not substantially similar to Texas Penal Code section 22.011.  The court then ordered that Garcia's conviction under Oregon Revised Statutes section 163.435 is not substantially similar to an offense under section 22.011 of the Texas Penal Code, that Garcia be relieved of the duty to register as a sex offender in Texas, and that the Department remove Garcia from its sex offender registry.  This appeal followed.

**ANALYSIS**

In two issues, the Department complains that the district court erred (i) in determining that an offense under section 163.435 of the Oregon Revised Statutes is not substantially similar to an offense identified in SORA and (ii) in considering facts and circumstances of Garcia's conviction. Because the Department complains that the district court erred in applying provisions of the code of criminal procedure, its issues involve matters of statutory construction, which we review *de novo*. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007).  Our primary objective is to give effect to the legislature's intent as expressed in the statute's language.

3

*See* Tex. Gov't Code Ann. § 312.005 (West 2005); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We rely on the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). We determine legislative intent from the entire act, not from isolated portions. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008). We also presume that the legislature intended a just and reasonable result, *see* Tex. Gov't Code Ann. § 311.021(3) (West 2005); *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010), and we consider the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023(5) (West 2005); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 88 (Tex. 2006).

**The Texas Sex Offender Registration Act**

The Texas Legislature enacted SORA in 1991, requiring persons convicted of certain "reportable" sex offenses to register with the local law enforcement authorities in the municipalities in which they reside. *See* Sex Offender Registration Act, 72d Leg., R.S., ch. 572, § 1, 1991 Tex. Gen. Laws 2029 (current version at Tex. Code Crim. Proc. Ann. arts. 62.001-.408). The offense of sexual assault under section 22.011 of the penal code is listed in SORA as a reportable offense. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(A); Tex. Penal Code Ann. § 22.011. In 1995, the legislature amended the definition of reportable offenses to include convictions "under the laws of another state for an offense containing elements that are substantially similar to the elements of an offense listed" in SORA as reportable. Act of May 19, 1995, 74th Leg., R.S., ch. 258, § 2, 1995 Tex. Gen. Laws 2197, 2197 (current version at Tex. Code Crim. Proc. Ann. art. 62.001(5)(H)). The

4

statute does not define "substantially similar." *See* Tex. Code Crim. Proc. Ann. art. 62.001. The Department is responsible for determining whether the elements of an out-of-state offense are substantially similar to the elements of a reportable SORA offense. *See id.* art. 62.003(a). Appeals of the Department's determinations must be brought in district court in Travis County. *Id.* art. 62.003(c). As a matter of first impression, we consider whether section 163.435 of the Oregon Revised Statutes is substantially similar to an offense listed as reportable in SORA, pursuant to article 62.001(5)(H) of the Texas Code of Criminal Procedure, and whether the Department and reviewing courts may consider the facts and circumstances of the offender's prior conviction in determining substantial similarity.

**Substantial Similarity**

In its first issue, the Department contends that the elements of the Oregon statute under which Garcia was convicted are substantially similar to the elements of two SORA offenses, sexual assault under section 22.011 of the penal code and sexual performance by a child under section 43.25 of the penal code. *See* Or. Rev. Stat. § 163.435; Tex. Penal Code Ann. § 22.011, § 43.25 (West Supp. 2010). The record shows, however, that Garcia appealed only the Department's determination of substantial similarity between the Oregon statute and section 22.011 of the Texas Penal Code and the Department defended that determination only. The Department offered no evidence of any determination it made of substantial similarity between the Oregon statute and either section 22.011 or section 43.25 of the penal code. The Department's notice to Garcia does not identify the offense or offenses for which Garcia is required to register; in fact, the space in the notice for stating the "Registering Offense (Penal Code)" is blank. Thus, the record shows that

5

section 22.011 of the penal code was the only Texas statute contained in the pleadings, offered into evidence, addressed by either party at the hearing, or ruled on by the district court.

The Department argues that its assertion on appeal that the Oregon statute is similar to a second SORA offense is not a new argument but an additional example of the same legal theory. We disagree. The district court did not consider or make a determination regarding substantial similarity between the Oregon statute in issue and section 43.25 of the Texas Penal Code, and we cannot reverse the district court on an issue not brought before it. The Department has waived the argument that section 163.435 of the Revised Oregon Statutes is substantially similar to section 43.25 of the penal code by not raising it in the district court. *See Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim . . . must have been asserted in the trial court in order to be raised on appeal."); see also Tex. R. App. P. 33.1; *In re A.S.*, 298 S.W.3d 834, 836-37 (Tex. App.—Amarillo 2009, no pet.) (party waived reliance on additional provision of family code by not mentioning provision to trial court).

We turn, then, to the Department's contention that the trial court erred in finding that the Oregon statute under which Garcia was convicted is not substantially similar to section 22.011 of the Texas Penal Code. Section 163.435 of the Oregon Revised Statutes provides in relevant part as follows:

> (1) A person 18 years of age or older commits the crime of contributing to the sexual delinquency of a minor if:
>
> (a) Being a male, he engages in sexual intercourse with a female under 18 years of age.

6

Or. Rev. Stat. § 163.435.[1]

Section 22.011 of the Texas Penal Code provides in relevant part as follows:

(a) A person commits an offense if the person:

. . . .

(2) intentionally or knowingly:

(A) causes the penetration of the anus or sexual organ of a child by any means;

(B) causes the penetration of the mouth of a child by the sexual organ of the actor;

---

[1] The parties dispute whether Garcia's conviction required him to register as a sex offender in Oregon. Garcia argues that, under sections 181.830 and 181.832 of the Oregon Revised Statutes, on the facts of his case, he was not required to register unless the state proved he did not meet eligibility requirements for nonregistration or Garcia and the district attorney stipulated he was required to report. *See* Or. Rev. Stat. §§ 181.830, .832 (2010). The Department contends that section 181.830, which provides that persons otherwise required to register are not required to do so if they meet certain eligibility requirements, does not apply to Garcia because his conviction preceded the effective date of the section. The Department further contends that, even if section 181.830 applies, Garcia was required to register unless the court made certain findings, and there is "no reliable evidence in this record demonstrating that those necessary findings could not have been made." *See id.* §§ 181.830, .832, .833.

We disagree with the Department's contention that section 181.830 does not apply to Garcia. *See id.* § 181.830 (person currently reporting no longer required to report if certain conditions met). Moreover, under our reading of sections 181.830, 181.832, and 181.833, Garcia had the burden to seek relief from the duty to register, the state had the duty to prove he did not meet the eligibility requirements, and the court was required to grant the relief unless the state proved Garcia did not meet the eligibility requirements or he and the district attorney stipulated he was required to report. *See id.* §§ 181.830, .832, .833. However, neither party produced any evidence regarding registration in Oregon. Had Garcia shown at the hearing that he was not required to register in Oregon, the Department's determination would create the anomalous situation in which a defendant was required to register in Texas for a conviction that was neither registerable in Oregon nor an "offense" here, creating an extraordinary burden on the defendant in addition to a criminal conviction. Because the record is silent as to whether Garcia met the eligibility requirements or requested relief from registration or whether any such relief was granted, however, we do not consider this factor.

7

(C) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor;

(D) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or

(E) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.

. . . .

(c) In this section:

(1) "Child" means a person younger than 17 years of age.

Tex. Penal Code Ann. § 22.011.

In asserting that the Oregon crime is not sufficiently like the Texas crime of sexual assault to meet the "substantial similarity" inquiry, Garcia focuses on the maximum victim age designations in the two offenses. While the Oregon offense criminalizes sexual conduct with persons under the age of 18, the Texas provision applies only to sexual conduct with persons under the age of 17. *See* Or. Rev. Stat. § 163.435(1)(a); Tex. Penal Code Ann. § 22.011(c)(1). Thus, it is possible to violate the Oregon statute with a person less than 18 years of age without violating the Texas statute. Garcia argues that, because the crime he was convicted of in Oregon would not have been a crime in Texas, the Oregon offense does not contain elements that are substantially similar to a Texas "offense" under article 62.001(5)(H) of the code of criminal procedure. *See* Or. Rev. Stat. § 163.435(1)(a); Tex. Penal Code Ann. § 22.011(c)(1); Tex. Code Crim. Proc. Ann. § 62.001(5)(H).

In support of this argument, Garcia cites cases interpreting section 12.42 of the Texas Penal Code, which contains language parallel to that in article 62.001(5)(H) of the code of criminal procedure. *See* Tex. Penal Code Ann. § 12.42 (West Supp. 2010). Section 12.42(c)(2)(B)(v) provides for enhanced sentencing if a defendant has previously been convicted of a crime "under the laws of another state containing elements that are substantially similar to the elements of" certain listed offenses. *See id.* § 12.42(c)(2)(B)(v). In particular, Garcia relies on language in *Prudholm v. State*, 274 S.W.3d 236 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). In *Prudholm*, the court of appeals commented on *Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007), in which the court of criminal appeals held that elements of a Delaware statute were substantially similar to a Texas statute. *Prudholm*, 274 S.W.3d at 240. The *Prudholm* court observed that, although "[t]he Court of Criminal Appeals did not emphasize the point, . . . it is significant that a person guilty of the Delaware law would also be guilty under the Texas law." *Id.* Applying this reasoning to the facts of his conviction, Garcia contends that because he could not have been prosecuted in Texas, the two offenses are not substantially similar.

The Department contends that its statutory duty is to look only to the elements of the offenses and that, based strictly on the elements of each offense, the Oregon offense in issue is substantially similar to the Texas crime of sexual assault under section 22.011 of the penal code. Although acknowledging that the Oregon statute includes 17-year-old victims while the Texas statute does not, the Department argues that both statutes identify victims up to 16 years of age, making them substantially similar. The Department also argues that section 12.42 of the penal code is criminal and punitive in nature, while SORA is intended to accomplish the goals of notification and

9

protection of the public, and that consequently the rationales and holdings of the cases applying section 12.42 are inapplicable. The Department further contends that SORA does not authorize an appeal to challenge the appropriateness of a determination of substantial similarity on a case by case basis and that this Court must look only to the elements of each law without considering the facts and circumstances of Garcia's conviction.

We are not fully persuaded by the reasoning of either party. While we agree with the Department that the cases interpreting penal code section 12.42 are not controlling, we find the language in *Prudholm* instructive. Reaching the inverse of the *Prudholm* court's conclusion, we find it significant that a person guilty of section 163.435 of the Oregon Revised Statutes may *not* be guilty under section 22.011 of the Texas Penal Code.[2] *See id.*; Or. Rev. Stat. § 163.435; Tex. Penal Code

---

[2] We also note that the majority of courts that have found substantial similarity under section 12.42 of the Texas Penal Code have done so when the conduct forming the basis of the foreign conviction would also be a crime in Texas. *See* Tex. Penal Code Ann. § 12.42(c)(2)(B)(v) (West Supp. 2010). At least one other court interpreting section 12.42 expressly noted that the conduct giving rise to the foreign conviction would also have been a crime in Texas. *See Hulsey v. State*, No. 06-03-00122-CR, 2004 Tex. App. LEXIS 8180, at *7 (Tex. App.—Texarkana Sept. 9, 2004, pet. ref'd) (mem. op.) ("We hold this description [of the conduct] is sufficient to demonstrate that the Arkansas offense was substantially similar to the Texas offense of sexual assault—and that it could have been charged as sexual assault if committed in Texas.").

Other courts have implicitly based their holdings, at least in part, on the fact that the conduct in question would be criminal in Texas. *See Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007) (offenses substantially similar where age of consent 16 under foreign statute and 17 under Texas statute); *Cross v. State*, 114 S.W.3d 92, 100 (Tex. App.—Eastland 2003), *aff'd in part & rev'd in part on other grounds*, 144 S.W.3d 521 (Tex. Crim. App. 2004) (facts included unlawful entering and physical force, and age of victim not in issue); *Hughes v. State*, No. 04-08-00864-CR, 2009 Tex. App. LEXIS 9062, at *5-6 (Tex. App.—San Antonio Nov. 25, 2009, pet. ref'd) (mem. op.) (offenses substantially similar where age of consent 12 under foreign statute and 17 under Texas statute); *Randolph v. State*, No. 06-08-00058-CR, 2008 Tex. App. LEXIS 8923, at *4-5 (Tex. App.—Texarkana Dec. 2, 2008, pet. ref'd) (mem. op.) (offenses substantially similar where age of consent 13 under foreign statute and 14 under Texas statute); *White v. State*, No. 02-02-00143-CR, 2003 Tex. App. LEXIS 2033, at *10 (Tex. App.—Fort Worth Mar. 6, 2003, no pet.) (mem. op.) (upholding trial court's determination of substantial similarity where age of consent 16 under foreign

§ 22.011. Thus, we cannot agree with the Department that its inquiry, and ours, are limited to the elements of the offenses as set forth in the statutes and that neither the Department nor we can consider the facts and circumstances of Garcia's foreign conviction. On the other hand, although we agree with Garcia that the facts and circumstances of his conviction should be considered, we do not believe that such an inquiry is called for in all cases involving a conviction under section 163.435 of the Oregon Revised Statutes.

To construe the relevant provisions of the code of criminal procedure to require a person whose conduct does not constitute criminal behavior in this state to register as a sex offender for life would yield an unjust and unreasonable result—one we presume the legislature did not intend. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 321 (Tex. 2009) (citing Tex. Gov't Code Ann. § 311.021(3)). We may not subject a citizen to an interpretation that would yield that result until the legislature has spoken with a clear voice. Rather, presuming that a just and reasonable result is intended, *see* Tex. Gov't Code Ann. §311.021(3)*; Presidio Indep. Sch. Dist.*, 309 S.W.3d at 930, and considering the consequences of the Department's construction, *see* Tex. Gov't Code Ann. § 311.023(5); *Lexington*, 209 S.W.3d at 88, we conclude that the "substantially similar" test in article 62.001(5)(H) of the code of criminal procedure requires registration whenever an individual is convicted of criminal conduct in a foreign jurisdiction that, if committed in Texas, would have amounted to a registerable "offense."

---

statute and 17 under Texas statute). We have found no cases interpreting section 12.42 of the penal code, and the parties have pointed us to none, in which a foreign offense was determined to be substantially similar to a Texas offense when the conduct forming the basis of the foreign conviction would not constitute a crime in this state.

11

This construction necessarily requires that the Department compare the elements of the out-of-state offense with the analogous Texas offense to identify points of overlap. When the Department finds that the offenses cover the same conduct, the analysis need proceed no further because it will be evident that the foreign conviction is substantially similar to the Texas offense for SORA purposes. However, in circumstances in which the offenses overlap but the foreign offense also criminalizes conduct that is not covered under the Texas offense, the Department must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the Texas offense.[3] If it is, then the foreign conviction is a registerable offense under SORA's substantially similar test.

In this case, comparison of the elements of the two offenses reveals that there is significant overlap between the activity covered by the Oregon statute concerning contributing to the sexual delinquency of a minor and the conduct that is criminalized in the analogous Texas offense. However, because the Oregon statute covers some activity—sexual conduct with persons aged 17—not encompassed in the Texas offense, review of the conduct underlying Garcia's Oregon conviction is necessary. Here, it is undisputed that Garcia engaged in consensual sexual conduct with his 17-year-old girlfriend and therefore engaged in conduct that was criminal under the Oregon

---

[3] The Department contends that it "would be impossible without a full blown due process hearing" to consider the individual facts and circumstances of any given case because often the factual allegations, including the age of the victim, are not verifiable from the face of the judgment and the Department must then rely on the offender's representations. However, there is nothing to preclude the Department from contacting authorities in the state in which the conviction was obtained and/or obtaining additional documents to determine any missing relevant facts, and in light of the onerous burden of lifetime registration as a sex offender, such an effort on the part of the Department would seem appropriate. We do not find this argument persuasive.

statute, but not under the Texas statute.[4] Therefore, Garcia's conviction is not a reportable or registerable offense under SORA, and the district court did not err in finding that the Oregon and Texas statutes are not substantially similar and in relieving Garcia of the duty to register. We overrule the Department's first issue.

**Consideration of Facts Particular to Garcia's Offense**

In its second issue, the Department complains that the district court erred when or to the extent it considered the facts particular to Garcia's offense. We find no evidence in the record, and the Department cites none, showing that the district court took into account the facts and circumstances of Garcia's Oregon conviction. However, in light of our holding, even if the record showed that the district court did consider the facts particular to Garcia's offense, we would conclude that it was not error to do so. We overrule the Department's second issue.

## CONCLUSION

Having overruled both of the Department's issues, we affirm the order of the district court.

---

[4] The Department contends that it relied on Garcia's verbal report as to the age of the victim, which may not be reliable, and that it did not and does not dispute the age of the victim because it is irrelevant to the outcome of this case. Nonetheless, the Department relied on Garcia's statement, cited the age Garcia provided in its sex offender registry, did not dispute the victim's age in the district court proceeding, and does not now dispute it. Thus, the record reflects that the victim was 17 years old.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   December 7, 2010