# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00602-CV

Texas Department of Public Safety, Appellant

v.

Anonymous Adult Texas Resident, Appellee

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-10-000869, HONORABLE TIM SULAK, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I concur in the majority's judgment. For substantially the same reasons identified in the majority's opinion, I agree that the elements of the Massachusetts offense of indecent assault and battery on a person over fourteen years of age are not substantially similar to the elements of the Texas offense of sexual assault.

I do not agree, however, with the majority's conclusion that the Sex Offender Registration Act (SORA)[1] allows consideration of the "facts and circumstances" underlying out-of-state criminal convictions in certain "unusual cases." While I recognize that this Court's opinion in *Texas Department of Public Safety v. Garcia*[2] expanded SORA's inquiry to look into the conduct underlying the out-of-state conviction, I find no support for that expansion in SORA's text.

---

[1]  Tex. Code Crim. Proc. Ann. arts. 62.001–.408 (West 2006 & Supp. 2011).

[2]  *Texas Department of Public Safety v. Garcia*, 327 S.W.3d 898, 905–06 (Tex. App.—Austin 2010, pet. denied).

The plain language of SORA confines the inquiry to whether the elements of the out-of-state offense are "substantially similar" to the elements of a SORA offense.[3]  In that respect, I would have decided *Garcia* differently.

Accordingly, I join in the judgment and, with these qualifications, the majority's opinion.[4]

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose;
    Concurring Opinion by Justice Rose, joined by Justice Pemberton

Filed:   August 30, 2012

---

[3]  *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(H).

[4]  Justice Pemberton joins in this concurrence.