# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00565-CV

---

**Texas Department of Public Safety, Appellant**

**v.**

**Anonymous Adult Montana Resident, Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-003271, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The Sex Offender Registration Act (SORA), *see generally* Tex. Code Crim. Proc. arts. 62.001–.408, requires registration as a sex offender if a resident has a "reportable conviction or adjudication" for specific sex offenses, including for a conviction from another state if the other state's statutory offense contains elements that are "substantially similar" to the elements of an enumerated Texas offense, *see id*. arts. 62.001(5)(H), .051(a). The Texas Department of Public Safety (DPS) "is responsible for determining whether an offense under the laws of another state . . . contains elements that are substantially similar to the elements of an offense under the laws of this state." *Id.* art. 62.003(a). Here, DPS made a "substantially similar" determination, appellee petitioned to reverse this determination, the district court granted summary judgment in appellee's favor, and DPS appeals this judgment. Because we conclude

that the elements of the offense under the relevant Colorado law are not substantially similar to the elements of an offense under the relevant Texas laws, we affirm the district court's judgment.

## BACKGROUND

In 1996, appellee was charged in Colorado with "SEXUAL ASSAULT ON A CHILD—Section 18-3-405(1), C.R.S."[1]   However, he was never convicted under C.R.S. 18-3-405(1); instead, in 2001, he was convicted under C.R.S. 18-3-404(1) after entering a guilty plea to a misdemeanor:  "Charge: 3rd Deg. Sex As'lt: No Victim Consent C.R.S. # 18-3-404(1)(a) Class:M1."  The judgment of conviction and sentence (the 2001 Judgment) also revoked appellee's initial 2-year probation term,[2] resentenced appellee to two years of probation, and imposed as requirements:  "SUBSTANCE ABUSE EVALUATION/TREATMENT IF DEEMED APPROPRIATE; SEX OFFENDER TREATMENT AND ABIDE BY ALL TERMS AND CONDITIONS FOR SEX OFFENDERS."  Appellee later moved to Montana but now desires "the option to move to Texas free and clear of the registry."  In 2019, at appellee's request for a determination, DPS determined that "[C.R.S.] § 18-3-404(1)(a) . . . is substantially similar to § 21.11(a)(1), Indecency with a child by contact, Tex. Penal Code."

---

[1] For convenience and following the parties' nomenclature, we use "C.R.S." to refer to the 1996 Colorado Revised Statutes.  The record includes copies of relevant C.R.S. provisions but not a copy of C.R.S. 18-3-405(1).  Nevertheless, DPS represented in its initial motion for summary judgment that C.R.S. 18-3-405(1) provides, "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is a[t] least four years older than the victim."

[2] Appellee admitted to violating the initial terms of his release.  The record is unclear, but appellee appears to have violated the terms in 2000 when he was arrested in Texas for failing to register as a sex offender and convicted and sentenced to 90 days in jail.  The Texas judgment for failure to register as a sex offender was included with the summary judgment evidence.

2

Appellee petitioned the district court to reverse this DPS determination. *See id.* art. 62.003(c). Both DPS and appellee moved for summary judgment, attaching the Colorado charging documents and the 2001 Judgment, the DPS email with the "substantially similar" determination, and copies of C.R.S. 18-3-401 ("Definitions") and 18-3-404 ("Sexual assault in the third degree"). Appellee argued that C.R.S. 18-3-404(1)(a) is not substantially similar to Section 21.11(a)(1); DPS argued that C.R.S. 18-3-404(1)(a) is substantially similar to the offense of sexual assault under Section 22.011 of the Texas Penal Code.[3] The district court granted appellee's motion and denied DPS's motion, reversing DPS's determination. DPS now appeals.

**DISCUSSION**

In a single issue, DPS argues that the district court erred in granting summary judgment in appellee's favor and in concluding that the Colorado offense contains elements that are not substantially similar to the elements of an enumerated Texas offense for the purpose of SORA. Our review of a ruling on cross-motions for summary judgment is well-established and de novo. *Texas Dep't of Pub. Safety v. Anonymous Adult Tex. Resident*, 382 S.W.3d 531, 533 (Tex. App.—Austin 2012, no pet.) (describing standard). Elements are "substantially similar" if "they 'display a high degree of likeness'"—i.e., "involv[ing] more than similarity in merely a general sense" "even if they may be less than identical." *Texas Dep't of Pub. Safety v. Seamens*, No. 03-20-00432-CV, 2021 WL 3743824, at *1 (Tex. App.—Austin Aug. 25, 2021, no pet.)

---

[3] In its original motion for summary judgment, DPS stated that appellee was convicted under C.R.S. 18-3-405(1) and argued that C.R.S. 18-3-405(1)'s elements are substantially similar to those of Section 21.11(a)(1). After appellee responded that he was convicted under C.R.S. 18-3-404(1)(a) not C.R.S. 18-3-405(1), DPS filed an amended motion for summary judgment.

(mem. op.) (quoting *Anonymous Adult*, 382 S.W.3d at 535–36). Determining whether elements are "substantially similar" is "in the first instance a question of law." *Id.*

C.R.S. 18-3-404(1)(a), the sole provision cited in the 2001 Judgment as the basis for appellee's conviction, provides that "[a]ny actor who knowingly subjects a victim to any sexual contact commits sexual assault in the third degree if: (a) The actor knows that the victim does not consent." C.R.S. 18-3-404 also includes a subsection addressing sexual contact with a child, C.R.S. 18-3-404(1.5), but the 2001 Judgment does not cite this subsection as a basis for the conviction.[4] C.R.S. 18-3-401(4) defines "[s]exual contact" as "the knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse" and "[i]ntimate parts" as "the external genitalia or the perineum or the anus or the buttocks or the pubes or the breast of any person."

On appeal, DPS identifies two Texas offenses, *see* Tex. Penal Code §§ 21.11(a)(1) ("Indecency with a Child"), 22.011(a)(1) ("Sexual Assault"); *see also* Tex. Code Crim. Proc. art. 62.001(5)(H) (including both Sections 21.11(a)(1) and 22.011(a)(1) as enumerated offenses for purpose of determining if elements are "substantially similar"), and

---

[4] C.R.S. 18-3-404(1.5) provides, "Any person who knowingly, with or without sexual contact, induces or coerces a child . . . to expose intimate parts or to engage in any sexual contact, intrusion, or penetration with another person, for the purpose of the actor's own sexual gratification, commits sexual assault in the third degree."

alleges that their elements are substantially similar to the elements of C.R.S. 18-3-404(1)(a).[5]

We consider each provision in turn.

**Section 21.11(a)(1)**

Section 21.11(a)(1) states:

> A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact.

Tex. Penal Code § 21.11(a)(1). "Sexual contact" means:

> the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

*Id.* § 21.11(c).

In the summary judgment proceedings, appellee argued that Section 21.11(a)(1) is limited to an offense against "a child younger than 17 years of age" while C.R.S. 18-3-404(1)(a) has no such limitation. DPS appears to admit this distinction on appeal, asserting, "*If the victim*

---

[5] On appeal, DPS also argues that C.R.S. 18-3-404(1)(a) is substantially similar to Section 22.012. *See* Tex. Penal Code § 22.012 ("Indecent Assault"). But DPS never raised this argument before the district court and therefore has waived reliance on Section 22.012. *See Texas Dep't of Pub. Safety v. Garcia*, 327 S.W.3d 898, 903 (Tex. App.—Austin 2010, pet. denied) (holding that "we cannot reverse the district court on an issue not brought before it" and that "[t]he Department has waived the argument that section 163.435 of the Revised Oregon Statutes is substantially similar to section 43.25 of the penal code by not raising it in the district court"); *see also* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Moreover, Section 22.012 is not an enumerated offense for the purpose of determining if elements are "substantially similar." *See* Tex. Code Crim. Proc. art. 62.001(5)(H).

*is younger than 17*, [C.R.S. 18-3-404(1)(a)] is substantially similar to Texas Penal Code § 21.11(a)(1)." (Emphasis added.)

In the contexts of applying SORA, the Sexually Violent Predators Act (SVPA), and the sentencing enhancement statute,[6] Texas courts have recognized that the specified age range of the victims need not be identical for the elements of the offenses to be substantially similar. *See Fisk v. State*, 574 S.W.3d 917, 923 (Tex. Crim. App. 2019) ("The one-year age difference in the definition of child—16 vs. 17—does not defeat the substantial similarity."); *Ex Parte Warren*, 353 S.W.3d 490, 497 (Tex. Crim. App. 2011) ("Both offenses involve sexual acts directed towards children: in the Illinois statute, with 'any person under the age of 18'; in the Texas statute, 'with a child younger than 17 years of age[.]'"); *Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007) (concluding elements are substantially similar notwithstanding one year age difference); *In re Commitment of K.H.*, 609 S.W.3d 247, 253 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) ("Moreover, the one-year age difference between the Oregon statute (eighteen) and Texas statute (seventeen), does not defeat substantial similarity in this case."); *Texas Dep't of Pub. Safety v. Fowle*, 581 S.W.3d 417, 420 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (holding that "two-year difference [15 and 17 years of age] does not preclude a determination that the offenses contain elements that are substantially similar"); *Jacobs v. State*, 594 S.W.3d 453, 458 (Tex. App.—Texarkana 2019, pet. ref'd) ("This one-year age difference (four years older vs. three years older) will not defeat substantial similarity."); *Texas Dep't of Pub. Safety v. Garcia*, 327 S.W.3d 898, 905 n.2 (Tex. App.—Austin 2010, pet. denied) (collecting cases). And in the sentencing enhancement context, the Texas Court of

---

[6] Both the SVPA and the sentencing enhancement statute contain parallel "substantially similar" language. *See* Tex. Penal Code § 12.42; Tex. Health & Safety Code § 841.002(8)(G).

Criminal Appeals has held that it is not a "bi-lateral examination of the statutes for overlap," but "whether the out-of-state statute was broader than the Texas statute." *Fisk*, 574 S.W.3d at 921 (disavowing "suggestion that the out-of-state statute and the Texas statute must substantially overlap in order to meet the requirement of a high degree of likeness").

Here, the Colorado statute is much broader than the Texas statute. And DPS has not cited—nor have we found—authority for concluding that the elements are substantially similar when the Texas statute prohibits conduct only against a child while the out of state statute prohibits conduct against a person of any age. Indeed, we recently recognized the following as a "significant difference[]" that, along with other differences, precluded a "substantially similar" determination: "the Kansas statute was generally concerned with persons 16 years old or older, but the Texas statute concerns victims younger than 17." *Seamens*, 2021 WL 3743824, at *2 (internal citations omitted). Moreover, C.R.S. 18-3-404(1)(a)'s prohibition is limited to certain contact of the victim by the defendant while Section 21.11(a)(1) "prohibits also a broad swath of different conduct entirely—touching between the child victim and a person besides the defendant," a distinction we also have concluded is "significant." *See id.* at *3; *see also Texas Dep't of Pub. Safety v. Brown*, No. 07-20-00169-CV, 2021 WL 4192165, at *4 (Tex. App.—Amarillo Sept. 15, 2021, no pet.) (mem. op.) ("[L]ike the statute at issue in *Seamens*, the UCMJ statute only prohibits 'certain touchings of the victim by the defendant'; it does not address touching between the child victim and someone other than the defendant as the Texas statute does." (quoting *Seamens*, 2021 WL 3743824, at *3)). Accordingly, consistent with our recent decision in *Seamens*, we conclude that the district court did not err in determining that C.R.S. 18-3-404(1)(a)'s elements are not substantially similar to Section 21.11(a)(1)'s elements.

**Section 22.011(a)(1)**

Section 22.011(a)(1) provides:

> A person commits an offense if: (1) the person intentionally or knowingly: (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent; (B) causes the penetration of the mouth of another person by the sexual organ of the actor without that person's consent; or (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor.

Tex. Penal Code § 22.011(a)(1).

In the summary judgment proceedings, appellee argued that Section 22.011(a)(1) requires "penetration" of the anus or sexual organ or "contact" between a person's mouth, anus, or sexual organ and the sexual organ of another while C.R.S 18-3-404(1)(a) broadly encompasses not only penetration and contact of sexual organs but also the "knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts," which would include the touching of the clothing covering the "breast of any person." Once again, DPS appears to admit this distinction, asserting, "*If the contact involved specific body parts of an adult or child*, it is substantially similar to Texas Penal Code § 22.011." (Emphasis added.)

Texas courts, including this Court, that have considered elements of offenses similar to C.R.S. 18-3-404(1)(a) have concluded that those elements are not substantially similar to Section 22.011(a)(1)'s elements. *See Anonymous Adult*, 382 S.W.3d at 538 ("The 'indecent touching' of clothed or unclothed parts of the anatomy encompassed by the Massachusetts statute differs significantly from the 'contact or penetration' of a person's 'anus' or 'sexual organ' required under section 22.011(a)(1)."); *see also Prudholm v. State*, 333 S.W.3d 590, 599 (Tex. Crim. App. 2011) ("Sexual battery does not contain elements that are substantially similar

8

to the elements of sexual assault. The 'touching' of an 'intimate part' involved in elements II and III of the California offense encompasses a markedly different range of conduct than the 'penetration or contact' of a person's 'anus' or 'sexual organ' involved in elements II and III of the Texas offense."), *overruled on other grounds by Fisk*, 574 S.W.3d at 925; *Castle v. State*, 402 S.W.3d 895, 904 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (concluding Louisiana statute "takes a different and much broader approach" by prohibiting "merely 'touching' a victim's 'anus or genitals' essentially by any means of the offender and the 'touching' of the offender's 'anus or genitals' essentially by any means of the victim" and "contemplates 'touching' through a victim's clothing"; unlike Texas sexual assault statute, it does not require either "penetration" or that "contact be between a 'sexual organ' and the 'mouth, anus, or sexual organ'"). Accordingly, while the elements of Section 22.011(a)(1) and C.R.S 18-3-404(1)(a) may be similar in a general sense, they do not display the high degree of likeness required to be substantially similar.

**Specific Conduct**

On appeal, DPS argues that "while generally the substantial-similarity test does not focus on the specific conduct that was alleged, sometimes, the specific conduct, as well as the elements must be considered," citing *Anderson v. State*, 394 S.W.3d 531, 536 (Tex. Crim. App. 2013), *overruled on other grounds by Fisk*, 574 S.W.3d at 925, and *K.H.*, 609 S.W.3d at 253. Specifically, DPS argues that "where the specific conduct of the conviction in question is clear from the record, substantial similarity can be found, even without analyzing the entirety of the other state's statutory scheme"; that "[a]ppellee's case was originally charged as Sexual Assault on a child, C.R.S. Section 18-3-405 and the charging instrument makes clear that, 'the

9

victim was less than 15 years of age and the defendant was at least four years older than the victim' at the time the offense occurred"; that "the charging instrument in this case clearly states that Appellee, 'did unlawfully, feloniously and knowingly subject another . . . to any sexual contact, and the victim was less than 15 years of age"; and that "[h]ad he been convicted in Texas, that would be Indecency with a Child by Contact, which requires sex offender registration." Finally, DPS references this Court's decision in *Garcia*, 327 S.W.3d at 906, and asserts that *Garcia* "states that if the offenses overlap, but the out of state statute criminalizes conduct that is not covered under the Texas offense, [DPS] must review the conduct underlying the out-of-state conviction to determine if that conduct is, in fact[,] within the scope of the Texas offense."

DPS, however, interprets this case law too broadly. In *Anderson*, the Texas Court of Criminal Appeals noted in the context of reviewing a "substantially similar" determination for the purpose of a Section 12.42 sentencing enhancement, "Generally speaking, the focus of the *Prudholm* inquiry is on the *elements* of the offense, not the specific conduct that was alleged." 394 S.W.3d at 536. In a footnote, though, it elaborated:

> But sometimes, the specific conduct, as well as the elements, must be considered. For example, in [*Garcia*], the court found that the elements of Oregon's statutory-rape statute were "substantially similar" to elements of the corresponding Texas statute. They were, except that in Oregon the statute applied to those under age 18, while the Texas statute applied only to those under age 17. Normally, that would not make the statutes dissimilar. But because it was undisputed that the defendant in the Oregon case had consensual sex with his 17 year-old girlfriend and that is legal conduct in Texas, the court of appeals held that, in that particular situation, the two statutes were not "substantially similar."

*Id.* at 536 n.21. And as we later explained, the *Garcia* Court rested its holding on its conclusions that "the legislature could not have intended to require lifetime registration as a sex offender for

10

conduct that does not constitute criminal behavior in this state" and that "it was necessary to review the conduct underlying Garcia's Oregon conviction because 'the Oregon statute covers some activity—sexual conduct with persons aged 17—not encompassed in the Texas offense.'" *Anonymous Adult*, 382 S.W.3d at 535 (quoting *Garcia*, 327 S.W.3d at 906).

Shortly after *Anderson*, we strictly limited *Garcia*'s application. In *Anonymous Adult*, DPS argued that "the facts and circumstances underlying the appellee's conviction here— as reflected in the victim's statement in the excluded police report—provide the context that satisfies the substantial similarity requirement," that *Garcia* "compels" consideration of "the facts and circumstances," and that "we must always consider the underlying conduct in determining whether the elements of another state's statute are substantially similar to the elements of a reportable SORA offense if conduct that constitutes a violation of the greater offense could satisfy the elements of the lesser offense." *Id.* at 534. We disagreed, however, and described *Garcia*'s analysis narrowly: "Although we considered the individual facts and circumstances underlying the foreign conviction in *Garcia*, we did so only after determining that the elements of the two statutes were objectively substantially similar, although not identical." *Id.* at 535. This narrow approach, we explained, "is required by SORA's plain language, which emphasizes a comparison of statutory elements rather than individual conduct." *Id.* Finally, we noted:

> Even though the breadth of some language in *Garcia* could be construed to support the DPS's interpretation of the case, the actual analysis employed in *Garcia* is consistent with our interpretation of SORA as requiring that, except in unusual cases, the elements of the relevant offenses be compared for substantial similarity without regard to individual facts and circumstances.

11

*Id.* Two justices on the panel concurred in the judgment and joined the opinion with "qualifications," writing separately to emphasize that they "would have decided *Garcia* differently" because they could "find no support . . . in SORA's text" to "allow[] consideration of the 'facts and circumstances' underlying out-of-state criminal convictions in certain 'unusual cases.'" *Id.* at 539–40 (Rose, J., concurring, joined by Pemberton, J.). Thus, following *Anonymous Adult*, to the extent *Garcia*'s exception allows for consideration of individual facts and circumstances, there would first have to be a showing that the elements of the two statutes are "objectively substantially similar" and that the case at issue is an "unusual case[]." As we have explained above, the elements of the statutes at issue here are not "objectively substantially similar," nor has DPS explained how this is an "unusual case." *Cf. id.* at 535 ("While there may be other cases where the two-pronged analysis applied in *Garcia* is essential, such cases may be relatively rare, and our examination of the statutes at issue in the present case indicates that this is not one of them.").

DPS also cites our sister court's consideration of the following evidence of "specific conduct" to conclude that certain offenses are substantially similar under the SVPA: "the charging instrument admitted as an exhibit alleged that, for one of the three counts under which appellant was convicted, appellant knowingly subjected A.B., 'a person under the age of 18 years, to sexual contact by touching her genitalia, a sexual or intimate part of [A.B.],'" and "Appellant testified at trial that A.B. was his girlfriend when she was fourteen years old and he was eighteen years old, and that he rubbed his hands on A.B.'s vagina." *K.H.*, 609 S.W.3d at 252. Given the evidence, the *K.H.* court held, "When, as here, the State has proven the nature of the previous conviction, we do not analyze the entirety of the other state's statutory scheme for substantial similarity." *Id.* at 253 (citing *Fisk*, 574 S.W.3d at 922). The *K.H.* court relied on a

12

recent decision from the Texas Court of Criminal Appeals in the sentence enhancement context. *See Fisk*, 574 S.W.3d at 922 ("The State proved Appellant's previous sodomy conviction with a certified copy of the court martial order specifying that Appellant was guilty of 'sodomy with [DG], a child under the age of 16 years.' . . . In a case like this where the elements of the previous conviction are proven, it is unnecessary to analyze the entirety of the other state's statutory scheme for substantial similarity.").

However, although *Fisk* and *K.H.* may provide guidance, neither case controls here, nor does *Fisk* overrule our precedent in the SORA context. *See Garcia*, 327 S.W.3d at 905 ("While we agree with the Department that the cases interpreting penal code section 12.42 are not controlling, we find the language in *Prudholm* instructive."). And even if *Anonymous Adult* would not preclude applying the *Fisk* test here, *Fisk* and *K.H.* are distinguishable from this case. In both *Fisk* and *K.H.*, the records included, and the courts relied on, documents describing an offense for which that individual was convicted. *See Fisk*, 574 S.W.3d at 922 ("The State proved Appellant's previous sodomy conviction with a certified copy of the court martial order specifying that Appellant was guilty of 'sodomy with [DG], a child under the age of 16 years.'"); *K.H.*, 609 S.W.3d at 252 ("Here, the charging instrument admitted as an exhibit alleged that, for one of the three counts under which appellant was convicted . . . ."). Here, in contrast, the charging documents DPS relies on describe an offense under C.R.S. 18-3-405(1) for which appellee was charged, but appellee was not convicted as charged; appellee was convicted on a guilty plea of third degree sexual assault under C.R.S. 18-3-404(1)(a).

Accordingly, we reject DPS's argument that here "the specific conduct, as well as the elements must be considered."

**CONCLUSION**

Having considered DPS's arguments raised in its sole issue on appeal, we overrule its appellate issue.  We therefore affirm the district court's summary judgment.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   May 25, 2022