# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00602-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Anonymous Adult Texas Resident, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-10-000869, HONORABLE TIM SULAK, JUDGE PRESIDING**

## O P I N I O N

The Texas Department of Public Safety ("DPS") appeals from a trial court judgment in favor of the appellee, an anonymous adult Texas resident, reversing the DPS's determination that the appellee is required to register as a sex offender pursuant to the Texas Sex Offender Registration Act (SORA), Tex. Code Crim. Proc. Ann. arts. 62.001-62.408 (West 2006 & Supp. 2011). On appeal, the DPS complains that the trial court erred by (1) excluding a police report that recounted the victim's allegations against the appellee and (2) determining that the elements of the Massachusetts statute under which the appellee was convicted are not substantially similar to a SORA reportable offense. We will affirm the district court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this case are undisputed. In 1993 the appellee, then 22 years old, was convicted in Massachusetts for "indecent assault and battery on a person over fourteen years of

age." *See* Mass. Gen. Laws Ann. ch. 265, § 13H.[1]  He received a probated sentence and is required to register as a sex offender under Massachusetts law until 2015, unless earlier termination of the reporting requirement is granted by the Massachusetts Sex Offender Registry Board.  *See id.* ch. 6, § 178C, D, F, G.

In 2006 the appellee moved to Texas and became a licensed emergency medical technician.  From 2007 to 2010, the appellee applied for firefighter positions in several Texas cities and disclosed his 1993 Massachusetts conviction in his applications.  At the request of one of his prospective employers, he provided additional documentation related to the Massachusetts conviction.

Shortly thereafter, the DPS notified the appellee that he was required to register as a sex offender in Texas based on his Massachusetts conviction, stating that the elements of the Massachusetts crime are "substantially similar" to the elements of the Texas offense of "sexual assault," which is a reportable conviction under SORA with a lifetime registration requirement. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(A), (H) (defining reportable convictions to include convictions under other states' laws with elements "substantially similar" to Texas offense of sexual assault), .001(6)(A) (defining "sexually violent offenses" to include sexual assault under section 22.011 of the Texas Penal Code), .003(a) (West 2006) (granting DPS authority to determine whether elements of offenses are "substantially similar"), .101(a)(1) (West Supp. 2012) (prescribing length of registration requirement for "sexually violent" offenses); Tex. Penal Code Ann. § 22.011 (West

---

[1]  Although the Massachusetts statute at issue in this case has been amended since the appellee was convicted, the amendments are not material to the disposition of this matter. Therefore, we cite to the current version of the statute for convenience.

2012) (sexual assault statute). Appellee complied with the registration requirement, but also appealed the DPS's determination to the district court in Travis County. *See* Tex. Code Crim. Proc. Ann. art. 62.003(c) (West 2006) (requiring appeals of DPS's determinations to be filed in Travis County district court).

In cross-motions for summary judgment, the parties joined issue regarding whether the elements of the Massachusetts statute are substantially similar to the elements of Texas offenses that are reportable under SORA. The DPS alleged that, "depending on the context," a violation of the Massachusetts indecent assault and battery law would be substantially similar to several reportable Texas offenses—specifically, sexual assault, indecency with a child, and attempts at either of those crimes. *See id.* art. 62.001(5)(A), (G), (H); *see also* Tex. Penal Code Ann. §§ 15.01 (criminal attempt), 21.11 (indecency with child), 22.011 (sexual assault) (West 2011). To establish that the context of appellee's crime satisfies the elements of the foregoing offenses, the DPS attempted to introduce into evidence a police report that recounted the victim's allegations against the appellee in significant detail; the DPS did not introduce any other documentation, such as jury findings, stipulations, statements by the appellee, or other evidence of adjudicated or undisputed facts. The appellee moved to strike the police report on relevancy, hearsay, and authentication grounds. The trial court granted the motion without stating the basis for its ruling. The court also contemporaneously granted the appellee's motion for summary judgment and denied the DPS's motion for summary judgment. The court did not disclose the basis for its ruling, and the DPS's motion for new trial was overruled by operation of law. This appeal followed.

3

**STANDARD OF REVIEW**

Summary judgment is proper if the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). In our de novo review of a summary judgment, we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* When, as here, both parties move for summary judgment and the district court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004).

**DISCUSSION**

An individual with a "reportable conviction" for certain offenses of a sexual nature must register with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. *See* Tex. Code Crim. Proc. Ann. art. 62.051(a) (West Supp. 2011). The Texas Code of Criminal Procedure states that a "reportable conviction" that requires registration as a sex offender includes "a violation of the laws of another state . . . for or based on the violation of an offense containing elements that are substantially similar to the elements of [a reportable Texas offense]."[2] *Id.* art. 62.001(5)(H). Unless a court grants an early termination

---

[2] Registration and reporting under SORA is also required for individuals required to register as a sex offender under the laws of another state with which the DPS has entered into a reciprocal registration agreement, if the person is not otherwise required to register under SORA because the elements of the crime of conviction are not substantially similar to reportable Texas offenses. Tex. Code Crim. Proc. Ann. art. 62.001(10) (West Supp. 2011) (defining "extrajurisdictional registrant"), .052 (West 2006) (imposing registration requirement for extrajurisdictional registrants). The DPS

4

of the reporting requirement, the standard reporting period is ten years from the date the person is released from a penal institution or is discharged from community supervision, whichever is later. *Id.* art. 62.101(c) (West Supp. 2011). For convictions of more serious offenses, however, including those defined as "sexually violent offenses," the reporting requirement is for the lifetime of the offender. *Id.* art. 62.101(a). By definition, "sexually violent offenses" include indecency with a child, sexual assault, aggravated sexual assault, and other serious sex-related offenses committed by a person older than seventeen years of age. *Id.* art. 62.001(6). Also included in the definition are offenses under the laws of another state that contain elements that are substantially similar to the elements of Texas offenses that are sexually violent offenses. *Id.*

In the present case, the DPS contends that the elements of the Massachusetts crime of "indecent assault and battery on a person over fourteen years of age" are substantially similar to the Texas offenses of sexual assault, indecency with a child, and attempts of either of those crimes, *depending on the context*. *See* Mass. Gen. Laws Ann. ch. 265, § 13H. According to the DPS, the facts and circumstances underlying the appellee's conviction here—as reflected in the victim's statement in the excluded police report—provide the context that satisfies the substantial similarity requirement. The DPS's theory turns in part on the undisputed fact that "indecent assault and battery on a person over fourteen years of age" is a lesser-included offense of rape under Massachusetts law, *see, e.g.*, *Commonwealth v. Thomas*, 514 N.E.2d 1309, 1316 (Mass. 1987), and the Texas sexual assault statute is a rape statute. *See, e.g.*, *Reyes v. State*, 119 S.W.3d 844, 847 (Tex. App.—San

---

does not allege that the appellee is required to register as a sex offender under these sections of SORA.

5

Antonio 2003, no pet.). The essence of the DPS's argument is that conviction of a lesser-included offense equates to a greater offense for purposes of SORA's reporting and registration requirement if the actual allegations—whether proven or not—would satisfy the elements of the greater offense. The DPS contends that our opinion in *Texas Department of Public Safety v. Garcia*, 327 S.W.3d 898 (Tex. App.—Austin 2010, pet. denied), compels such a conclusion. Based on *Garcia*, the DPS asserts that we must always consider the underlying conduct in determining whether the elements of another state's statute are substantially similar to the elements of a reportable SORA offense if conduct that constitutes a violation of the greater offense could satisfy the elements of the lesser offense. Consequently, on appeal, the DPS asserts that the trial court erred in excluding the police report with the victim's statement, which is the only evidence the DPS has concerning the appellee's alleged conduct. In the alternative, the DPS maintains that the substantial similarity requirement is satisfied in this case even without considering the excluded police report or the alleged circumstances underlying the appellee's Massachusetts conviction.

Contrary to the DPS's assertion, we do not read *Garcia* to require consideration of the individual facts and circumstances of the appellee's conviction in determining whether he is required to report as a sex offender in Texas. In *Garcia* we considered whether the elements of Oregon's statutory-rape statute were substantially similar to the elements of the Texas statutory-rape statute. *Id.* at 903-06. We concluded that, objectively, the elements of the two statutes were substantially similar. *See id.* at 904-05. However, the Oregon statute was broader and criminalized sexual intercourse with a child under the age of 18 whereas the Texas statute only criminalized such conduct with a child under the age of 17. *Id.* Therefore, although the elements of the two statutes

6

were substantially similar, some conduct criminalized under the Oregon statute would not be illegal in Texas. *Id.* at 906. We held that, in such circumstances, the elements of the Texas statute and the foreign statute must first be compared to determine whether they are objectively substantially similar. *Id.* If they are, but if the foreign statute also criminalizes behavior that is not illegal in Texas, "the [DPS] must review the conduct underlying the foreign conviction to determine if that conduct is, in fact, within the scope of the Texas offense." *Id.* In so holding, we opined that the legislature could not have intended to require lifetime registration as a sex offender for conduct that does not constitute criminal behavior in this state. *Id.* We concluded that it was necessary to review the conduct underlying Garcia's Oregon conviction because "the Oregon statute covers some activity—sexual conduct with persons aged 17—not encompassed in the Texas offense." *Id.* Applying this standard, we concluded that Garcia's conviction was not reportable or registerable under SORA because it was undisputed that he had engaged in consensual sexual conduct with his 17-year-old girlfriend. *Id.* at 906-07.

Although we considered the individual facts and circumstances underlying the foreign conviction in *Garcia*, we did so only after determining that the elements of the two statutes were objectively substantially similar, although not identical. This, we believe, is required by SORA's plain language, which emphasizes a comparison of statutory elements rather than individual conduct by defining a "reportable conviction" to include "a violation of the laws of another state . . . for or based on the violation of an offense containing *elements* that are substantially similar to the *elements* of [reportable Texas offenses]." Tex. Code Crim. Proc. Ann. art. 62.001(5)(H) (emphases added); *cf. Prudholm v. State*, 333 S.W.3d 590, 592 n.9 (Tex. Crim. App. 2011) (comparing similarly

7

worded sentencing-enhancement provision to language of statutes of other states that focus on underlying conduct). In some cases, however, the purposes of the sex-offender-registration requirement are not served by a strict application of an elements-based approach. *Garcia* presented such a case. *See Garcia*, 327 S.W.3d at 906 (observing that legislature could not have intended sex-offender status to be placed on conduct not criminalized under Texas law). While there may be other cases where the two-pronged analysis applied in *Garcia* is essential, such cases may be relatively rare, and our examination of the statutes at issue in the present case indicates that this is not one of them. Even though the breadth of some language in *Garcia* could be construed to support the DPS's interpretation of the case, the actual analysis employed in *Garcia* is consistent with our interpretation of SORA as requiring that, except in unusual cases, the elements of the relevant offenses be compared for substantial similarity without regard to individual facts and circumstances. *Cf. id.* at 905-06 ("[W]e do not believe that such an inquiry is called for in all cases involving a conviction under [the Oregon statute]."). In accordance with our construction of SORA and *Garcia*, we proceed to the threshold inquiry in this case of whether the elements of the statutes at issue are substantially similar.

For a foreign statute to be substantially similar to a reportable SORA offense, "the elements being compared . . . must display a high degree of likeness, but may be less than identical." *Prudholm*, 333 S.W.3d at 594 (establishing standard for determining whether statutes are "substantially similar" under identical wording in sentencing enhancement provision); *see also Ex parte Warren*, 353 S.W.3d 490, 496 (Tex. Crim. App. 2011) (applying *Prudholm* to "substantially similar" inquiry under SORA); *Brown v. State*, No. 05-10-00162-CR,

2012 WL 1021444, at *2 (Tex. App.—Dallas Mar. 28, 2012) (mem. op., not designated for publication) (citing *Warren* and *Prudholm* for standard of determining substantial similarity of statutes under SORA). The "high degree of likeness" required "must involve more than similarity in merely 'a general sense.'" In addition, "'the elements must be substantially similar with respect to the individual or public interests protected and impact of the elements on the seriousness of the offenses.'" *Ex parte Warren*, 353 S.W.3d at 490 (quoting *Prudholm*, 333 S.W.3d at 496). Whether or not the statutes are substantially similar is a question of law. *Brown*, 2012 WL 1021444, at *2; *cf. Ex parte Warren*, 353 S.W.3d at 496-98 (conducting de novo determination of substantial similarity between elements of foreign and domestic criminal statutes). Turning to the statutes at issue in this case, the DPS devotes most of its argument to the similarity between the Massachusetts indecent assault and battery statute and section 22.011 of the Texas Penal Code—the sexual assault statute. We therefore begin our analysis with a comparison of the elements of those crimes.

At the time appellee was convicted, the Massachusetts offense of indecent assault and battery on a person fourteen or older provided:

> Whoever commits an indecent assault and battery on a person who has attained age fourteen shall be punished by imprisonment in the state prison for not more than five years, or by imprisonment for not more than two and one-half years in a jail or house of correction.

Mass. Gen. Laws Ann. ch. 265, § 13H. Although the punishment for this crime is prescribed by statute, the elements necessary to convict a person of the crime are predominantly supplied by common law:

9

[A]n indecent assault and battery is essentially an act or series of acts [that] are fundamentally offensive to contemporary moral values . . . [I]t is behavior [that] the common sense of society would regard as immodest, immoral and improper . . . Thus, in order to prove indecent assault and battery, the Commonwealth must prove beyond a reasonable doubt that the defendant committed an intentional, unprivileged and indecent touching of the victim. It has been held that the intentional, unjustified touching of private areas such as the breasts, abdomen, buttocks, thighs, and pubic area of a female constitutes an indecent assault and battery.

*Commonwealth v. Mosby*, 567 N.E.2d 939, 941 (Mass. App. Ct. 1991) (citations and quotations omitted) (second alteration in original). However, "[t]he touching in question need not be restricted to the list of anatomical parts and areas referred to in [*Mosby*]." *Commonwealth v. Vasquez*, 839 N.E.2d 343, 346 (Mass. App. Ct. 2005) (citing *Mosby*, 567 N.E.2d at 941). Indeed, under Massachusetts law, the mouth and its interior are considered to be an intimate part of the body, such that unwanted kissing, with or without attempted insertion of the tongue, when coupled with improper sexual overtones, can be fundamentally offensive to contemporary moral values. *Cf. id.* (considering conviction for indecent assault and battery of child under age 14, Mass. Gen. Law. Ann. ch. 265, § 13B); *cf. also Commonwealth v. Rosa*, 818 N.E.2d 621, 624 (Mass. App. Ct. 2004) (same).

The "intent" element requires a showing that the defendant had a conscious purpose to touch the complainant indecently or offensively without her consent. *Commonwealth v. Marzilli*, 927 N.E.2d 993, 996 (Mass. 2010). However, "specific intent" is not required; intent is satisfied by "'the general criminal intent to do that which the law prohibits.'" *Cf. Commonwealth v. Ford*, 677 N.E.2d 1149, 1152 (Mass. 1997) (holding that assault and battery is general intent crime)*; Commonwealth v. Egerton*, 487 N.E.2d 481, 485 (Mass. 1986) (interpreting similar indecent assault

10

and battery statute for victims under 14 years of age, Mass. Gen. Law. Ann. ch. 265, § 13B)

(quoting J.R. NOLAN, CRIMINAL LAW § 234 (1976)).  Although lack of consent is an element of the

indecent assault and battery crime, force and violence are not.  *Commonwealth v. De La Cruz*,

443 N.E.2d 427, 432 (Mass. App. Ct. 1982).  Consent generally means "agreement, approval, or

permission as to some act or purpose, [especially] given voluntarily by a competent person."

*Black's Law Dictionary* 346 (9th ed. 2009); *cf. Commonwealth v. Fappiano*, No. 99-P-914,

2003 WL 145457, at *6 n.15 (Mass. App. Ct. Jan. 21, 2003) (indicating that meaning of "consent"

generally includes conduct that is permitted, authorized, or made possible).

The relevant elements of the Texas offense of sexual assault, on the other hand, are

set forth in penal code section 22.011, as follows:

(1) intentionally or knowingly, and

(2) without the victim's consent;

(3) a person either causes the penetration of (i) the anus or female sexual organ of another person who is not the spouse of the actor by any means, or (ii) of the mouth of another person who is not the spouse of the actor by the sexual organ of the actor; or

(4) causes contact or penetration by the sexual organ of the victim to the mouth, anus, or sexual organ of another person, including the actor.

Tex. Penal Code Ann. § 22.011(a)(1).[3]  The prohibited conduct is "without consent" under section

22.011(a)(1) if it is accomplished by force or violence, threat of force or violence, deception,

---

[3] Subsection (a)(2) of section 22.011 also includes the crime of statutory rape, which requires that the prohibited conduct involve a child younger than 17 years of age, does not include lack of consent as an element of the crime, and provides certain defenses not applicable to prosecution under subsection (a)(1).  Tex. Penal Code Ann. § 22.011(a)(2), (c), (e) (West 2011).  The DPS does not contend that the Massachusetts indecent assault and battery crime is substantially similar to the crime delineated in section 22.011(a)(2).

11

knowledge of the victim's lack of capacity to consent, or procurement of the victim's lack of capacity to consent.[4] *See id.*

Applying the standards set forth in *Warren* and *Prudholm*, we conclude that the elements of the Massachusetts indecency offense are not substantially similar to the elements of the Texas offense of sexual assault. Comparison of the elements does not reveal "a high degree of likeness." Although both crimes encompass intentional behavior, the nature of the sexual conduct criminalized under the two statutes is markedly different. The "indecent touching" of clothed or unclothed parts of the anatomy encompassed by the Massachusetts statute differs significantly from the "contact or penetration" of a person's "anus" or "sexual organ" required under section 22.011(a)(1). *See also Commonwealth v. Lavigne*, 676 N.E.2d 1170, 1172-73 (Mass. App. Ct. 1997)

---

[4] Specifically, sexual assault under section 22.011(a)(1) is without consent if:

(1) the actor compels submission or participation by the use of physical force or violence;
(2) the actor compels submission or participation by threat of force or violence against the victim and the victim believes the actor has the present ability to execute the threat;
(3) the victim has not consented and the actor knows the victim is unconscious or physically unable to resist;
(4) the actor knows that the victim is incapable either of appraising the nature of the act or of resisting it due to mental disease or defect;
(5) the victim has not consented and the actor knows the victim is unaware that the sexual assault is occurring;
(6) the actor knows that the victim submits or participates because of the erroneous belief that the actor is the victim's spouse.
(7) the actor has intentionally impaired the victim's power to appraise or control the actor's conduct by administering any substance without the victim's knowledge; or
(8) the actor compels submission or participation by threat of force or violence against any person and the victim believes the actor has the ability to execute the threat.

Tex. Penal Code Ann. § 22.011(b).

12

("The 'inner thigh' is, under our contemporary views of personal integrity and privacy—whether clothed or unclothed—a body part that our law views as requiring protection from improper touching."); *Mosby*, 567 N.E.2d at 942 (evidence that defendant placed his hand on complainant's clothed buttocks without her consent along with proposal with "distinctly sexual overtones" warranted finding that defendant committed indecent assault and battery).

In addition, the statutes lack substantial similarity with respect to the individual and public interests protected and the impact of the elements on the seriousness of the offenses. *See Prudholm*, 333 S.W.3d at 594. "Section 13H (indecent assault and battery on a person over the age of fourteen) is designed to protect against, and punish, unwanted, indecent touching." *Commonwealth v. Oliveira*, 760 N.E.2d 308, 487 (Mass. App. Ct. 2002) (distinguishing purposes of indecent assault and battery and assault with intent-to-rape statute). In contrast, the Texas sexual assault statute protects against "the severe physical and psychological trauma of rape." *Prudholm*, 333 S.W.3d at 599. Thus, the statutes have notably distinct purposes.

With respect to the impact of the statutes' elements on the seriousness of the offenses, the differences between the type of contact required by the two statutes results in a significant difference in the authorized range of punishment. Both crimes are felonies, but the maximum sentences that can be imposed vary dramatically. *See* Tex. Pen. Code Ann. § 22.011(f) (making sexual assault a second-degree felony); Mass. Gen. Laws. Ann. ch. 274, § 1 ("A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors."). The Massachusetts statute prescribes punishment not to exceed five years in state prison or two and one-half years in a jail or house of correction. Mass. Gen. Laws Ann. ch. 265, § 13H. In contrast, a violation of the Texas statute requires a minimum sentence of two years up to a maximum of twenty

years. Tex. Penal Code Ann. § 12.33 (West 2011) (prescribing second degree felony punishment of imprisonment "of not more than 20 years or less than 2 years" plus fine up to $10,000); *id.* § 22.011(f). The disparate levels of incarceration authorized under the statutes further indicates a lack of substantial similarity in the seriousness of the two offenses. The collateral consequences of these violations under each state's sex-offender registration laws also demonstrate the difference in severity of the crimes. Although violations of both statutes require registration as a sex offender under each state's laws, a Texas sexual assault conviction requires lifetime registration and reporting while registration and reporting for the Massachusetts indecency crime is twenty years. *Compare* Tex. Penal Code Ann. § 62.101(a) *with* Mass. Gen. Laws. Ann. ch. 6, § 178C, D, F, G.

The remaining Texas statutes on which the DPS relies require little discussion because they have specific-intent elements that have no corollary in the Massachusetts indecent assault statute. Among other significant dissimilarities—including the nature of sexual contact required and the affirmative defenses provided—indecency with a child under section 21.11 of the penal code requires specific intent to arouse or gratify the sexual desires of any person. *See* Tex. Penal Code Ann. § 21.11 (providing elements of crime, affirmative defenses, and definition for "sexual contact"). The Massachusetts indecent assault and battery statute is not a specific intent statute and does not require intent to arouse or gratify. *Cf. Egerton*, 487 N.E.2d at 485 (Mass. 1986); *Commonwealth v. Conefrey*, 640 N.E.2d 116, 122-23 (Mass. App. Ct. 1994) (similar indecent assault and battery statute for victims under age 14 is not specific intent crime), *rev'd on other grounds*, 650 N.E.2d 1268, 1269 n.3 (Mass. 1995); *cf. also Ford*, 677 N.E.2d at 1152 (Mass. 1997) (holding that assault and battery is general intent crime). The elements of this statute bear little resemblance to the elements of the Massachusetts statute, let alone a "high degree of likeness."

Nor are the elements of criminal attempt substantially similar to the Massachusetts indecent assault and battery statute. Under Texas law, "[a] person commits an offense [of criminal attempt] if, with specific intent to commit [a particular] offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01. The DPS contends that "[i]ntentional and unpriviledged [sic] touching of 'the breasts, abdomen, buttocks, thighs, and pubic area of a female'" can be considered "more than mere preparation" for purposes of the attempt statute. However, the DPS wholly ignores the specific intent element of section 15.01, which is essential to a conviction under the Texas statute but is neither an element of the Massachusetts indecent assault and battery crime nor substantially similar to any elements of that crime.

In accordance with the foregoing analysis, we conclude that the elements of the Massachusetts offense of indecent assault and battery on a person over fourteen years of age are not substantially similar to the elements of the Texas offenses of sexual assault, indecency with a child, attempted sexual assault, and attempted indecency with a child. We therefore overrule the DPS's second issue. Our disposition of this issue makes it unnecessary for us to consider the DPS's first issue regarding exclusion of the police report.

## CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

15

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose
   Concurring Opinion by Justice Rose, joined by Justice Pemberton

Affirmed

Filed:   August 30, 2012