EDITH H. JONES, Circuit Judge,
dissenting:
The majority today reverses the district court’s denial of Adam' Shepherd’s § 2255 motion and then grants .his motion. With due respect, this is an unnecessary ruling because Shepherd’s Arizona conviction documents show he was convicted of a crime that is substantially similar to Texas’s “Indecency with a Child” statute. I respectfully dissent.
The majority finds that Shepherd’s guilty plea was involuntary due to ineffective assistance of counsel.The alleged deficiency by Shepherd’s defense counsel was his failure to find a Texas Third Court of Appeals decision, Texas. Department of Public Safety v. Anonymous Adult Texas Resident, which was issued, but did not become a final decision, during Shepherd’s prosecution proceedings. Anonymous Adult changed the method by which the Department of Public Safety (“DPS”) determines whether someone was required to register as a sex offender in Texas for out-of-state offenses. 382 S.W.3d 531 (Tex. App.—Austin 2012, no pet.). The majority incorrectly holds that Shepherd was prejudiced by counsel’s unconstitutional ineffective failure to discover Anonymous Adult.

As the majority ’ explains, Anonymous Adult directs the DPS to compare only the elements of an out-of-state offense with the elemerits of a Texas reportable offense *747 when determining whether a person must register in Texas. Id. at 535. The majority-finds that Arizona’s general “Public Indecency” statute is not substantially similar to Texas’s “Indecency with a Child” statute as the district court held. The majority is correct on this point. They go on to state that “Arizona’s ‘Public Sexual Indecency to a Minor’ statute may be substantially similar [to Texas’s ‘Indecency with a Child’ statute].” Majority Op. at 16; see Ariz. Rev. Stat. Ann. § 13-1403; Tex. Penal Code Ann. § 21.11. The majority concludes, however, that “there is ambiguity as to whether Shepherd pleaded guilty of ‘Public Sexual Indecency’ or ‘Public Sexual Indecency to a Minor’ because “[t]he plea document does not mention ‘minor’. but only says ‘Public Sexual Indecency.’ ” Id.

Despite the majority’s conclusion, Shepherd’s plea document is not ambiguous. The document states that Shepherd agrees to plead guilty to “Attempted Public Sexual Indecency, a class 6 designated felony, in violation of A.R.S. 13-1403 ... 13-1001 ... committed on August 28, 2002.” ROA. 162. While this document does not explicitly state Shepherd acted toward a minor, Arizona law makes clear that Shepherd agreed to plead guilty to attempted public sexual indecency involving a minor. Section 13-1403, titled “Public sexual indecency; public sexual indecency to a minor; classification,” states that “[p]ublic sexual indecency is a class 1 misdemeanor and “public sexual indecency to a minor is a class 5 felony.” Ariz. Rev. Stat. Ann. § 134403(c) (emphasis added). Section 13-1001, which is cited in Shepherd’s plea document as applicable law, defines an attempt and lists classifications for attempted crimes. It states that “Attempt is a ... [c]lass 6 felony if the offense attempted is a class 5 felony.” Ariz. Rev. Stat. Ann. § 134001(c). “Attempt is a ... [c]lass 2 misdemeanor if the offense , attempted is a class 1 misdemeanor.” Id.

Shepherd’s plea document makes clear that his offense is a “class 6 felony.” Arizona’s attempt classification thus tells us that the crime Shepherd attempted-is a class 5 felony when completed. Public sexual indecency to a minor is a class 5 felony. See Ariz. Rev. Stat. Ann. § 13-1403. Nondescript public sexual indecency is a class 1 misdemeanor when completed, so an attempt would have been classified a class 2 misdemeanor. Id. Shepherd did not plead guilty to a class 2 misdemeanor, so he must have been pleading guilty to attempted public sexual indecency with a minor.[1] This conclusion requires no consideration of the facts underlying Shepherd’s conviction. DPS could have determined Shepherd was required to register regardless whether Anonymous Adult applied retroactively to Shepherd’s failure to register before August 30, 2012. Therefore, the Federal Public Defender’s failure to uncover Anonymous Adult, even if an instance of defective representation (which I find debatable), did not prejudice his client. I would affirm the district court’s denial of Section 2255 relief.

. Section 13-1001 contains no provision allowing for classification of an attempted misdemeanor as a felony.