# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00181-CV

---

**In re D'joulou K. Caldwell**

---

### ORIGINAL PROCEDING FROM TRAVIS COUNTY

---

## M E M O R A N D U M   O P I N I O N

D'joulou K. Caldwell, acting pro se, filed a "notice of appeal" in this Court challenging an administrative determination by the Texas Department of Public Safety (DPS) that he must register as a sex offender under the Texas Sex Offender Registration Act in Chapter 62 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 62.001-62.408; *see also id*. art. 62.003(a) (noting that "[f]or the purposes of this chapter, the department is responsible for determining whether an offense under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice contains elements that are substantially similar to the elements of an offense under the laws of this state").

Additionally, it appears that Caldwell has filed a challenge to that administrative determination in Travis County district court that remains pending. *See id*. art. 62.003(c) ("An appeal of a determination made under this article shall be brought in a district court in Travis County."); *Crabtree v. State*, 389 S.W.3d 820, 827 & n.24 (Tex. Crim. App. 2012) ("Those who wish to contest DPS's determination that they must register under Chapter 62 may do so in

Travis County district court."); *Texas Dep't of Pub. Safety v. Anonymous Adult Tex.*, 382 S.W.3d 531, 533 (Tex. App.—Austin 2012, no pet.) (noting same). The record does not contain a final judgment or an otherwise appealable order in the underlying case. Without a final judgment or an otherwise appealable order, we may not exercise appellate jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014; *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

On March 12, 2020, the Clerk of this Court sent a letter requesting that Caldwell file a written response demonstrating this Court's jurisdiction over his appeal and notifying him that failure to respond subjected his appeal to dismissal. Caldwell filed an affidavit and brief in response, stating that he is "seeking declaratory/injunctive/remedial relief" to reverse DPS's decision compelling him to register as a sex offender under section 62.001. Based on the substance of Caldwell's requested relief, we construe his filings as a petition for writ of injunction. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (stating that courts look to substance of party's pleading rather than its caption or form to determine its nature); *see also* Tex. Gov't Code § 22.221 (addressing appellate courts' writ power); Tex. R. App. P. 52.1 (addressing original appellate proceedings seeking extraordinary relief including writs of injunction).

However, this Court has limited injunctive powers. We have "no original jurisdiction to grant writs of injunction, except to prevent the invasion of [our] jurisdiction over the subject-matter of a pending appeal, or to prevent an unlawful interference with the enforcement of [our] judgments and decrees." *In re Mem'l Park Med. Ctr., Inc.*, No. 03-18-00749-CV, 2018 Tex. App. LEXIS 10237, at *1-2 (Tex. App.—Austin Dec. 13, 2018, orig. proceeding) (citing *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd)); *see also* Tex. Gov't Code § 22.221 ("Each court of appeals or a justice of a court of

2

appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). As we have noted, Caldwell does not have any final order or judgment for an appeal to this Court, and he does not seek to prevent another party's interference with a previous judgment from this Court. Accordingly, we lack jurisdiction to issue a writ of injunction. *See* Tex. Gov't Code § 22.221; *In re Mem'l Park Med. Ctr.*, 2018 Tex. App. LEXIS 10237, at \*1-2.

We dismiss Caldwell's petition for want of jurisdiction.[1]

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed: April 7, 2020

---

[1] Caldwell also filed a motion for temporary relief, *see* Tex. R. App. P. 52.10, which we dismiss as moot.

3