# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00432-CV

---

**Texas Department of Public Safety, Appellant**

**v.**

**Micah Seamens, Appellee**

---

**FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-18-001946, THE HONORABLE DON R. BURGESS, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety (DPS) appeals the trial court's judgment, in which the court concluded that Micah Seamens's Kansas conviction "is not substantially similar to a Texas offense requiring registration" as a sex offender. *See* Tex. Code Crim. Proc. art. 62.003. We affirm.

Over a decade ago, Seamens was convicted and sentenced for the Kansas offense of Aggravated Sexual Battery. He alleges that during his trial he lived in Texas and that he has lived here ever since. He also alleges that he completed his Kansas probation sentence and registered as a sex offender in Texas as he was instructed to do. In 2017 and 2018, he asked DPS whether he needed to continue his sex-offender registration, and DPS said that he did because his Kansas conviction "is substantially similar to" the Texas offense of "Indecency with a Child by Contact." *See* Tex. Penal Code § 21.11(a)(1). He sued DPS in Travis County district court to challenge that determination. *See* Tex. Code Crim. Proc. art. 62.003(a), (c). The court agreed with

Seamens, entering judgment that his Kansas conviction was not substantially similar to a Texas offense requiring sex-offender registration. In its sole appellate issue, DPS contends that the trial court erred by concluding that Seamens's "Kansas conviction for Aggravated Sexual[] Battery is not substantially similar to Indecency with a Child by Contact in Texas."

The Texas program requiring sex offenders to register is governed largely by Code of Criminal Procedure chapter 62. Under that chapter, a person who has "a reportable conviction or adjudication" must register. *Id.* art. 62.051(a). A "reportable conviction or adjudication" includes "a violation of the laws of another state . . . for or based on the violation of an offense containing elements that are substantially similar to the elements of," as relevant here, indecency with a child. *See id.* art. 62.001(5)(A), (H) (citing Tex. Penal Code § 21.11).

Deciding whether an out-of-state offense's elements "are substantially similar to the elements of" a Texas offense, *see id.* art. 62.003(a), is in the first instance a question of law. *See Texas Dep't of Pub. Safety v. Anonymous Adult Tex. Resident*, 382 S.W.3d 531, 535–36 (Tex. App.—Austin 2012, no pet.). The "threshold inquiry" is "whether the elements of the statutes at issue are substantially similar." *Id.* at 535. Two statutes' elements are substantially similar if they "display a high degree of likeness," meaning that they "involve more than similarity in merely 'a general sense,'" and even if they "may be less than identical."[1] *Id.* at 535–36 (quoting *Ex parte Warren*, 353 S.W.3d 490, 496 (Tex. Crim. App. 2011)).

---

[1] There may be other requirements for showing substantial similarity, but we do not reach them because of our conclusion below that the threshold requirement is not met here. *See Texas Dep't of Pub. Safety v. Anonymous Adult Tex. Resident*, 382 S.W.3d 531, 536 (Tex. App.—Austin 2012, no pet.) ("[T]he elements must be substantially similar with respect to the individual or public interests protected and [the] impact of the elements on the seriousness of the offenses.").

We begin with the elements of the offenses that DPS asks us to compare—(a) the version of Kansas Aggravated Sexual Battery for which Seamens was convicted and (b) Texas indecency with a child by contact. Seamens was charged with "intentionally touch[ing] the person of another," who was "sixteen (16) or more years of age, with intent to arouse or satisfy [Seamens's] own or another's sexual desires, and while the victim was overcome by force or fear." *See* Act effective Apr. 29, 1993, ch. 253, § 10, 1993 Kan. Sess. Laws 1179, 1184–85 [hereinafter 1993 Act].[2] The version of the statute then in effect also defined the offense as "the intentional touching of the person of another who is 16 or more years of age *and who does not consent thereto . . . .*" *See id.* (emphasis added). The elements of the offense thus were:

(1) an intentional touching,

(2) of a person then 16 years old or older,

(3) with the intent to arouse or satisfy any person's sexual desires,

(4) without the consent of the person touched, and

(5) that the person touched was then overcome by force or fear.

*See id.*; *State v. Parker*, 282 P.3d 643, 652–53 (Kan. Ct. App. 2012), *review denied*, 297 Kan. 1254 (2013); *State v. Gonzales*, No. 97,572, 2008 WL 3367561, at *2 (Kan. Ct. App. Aug. 8, 2008) (per curiam) (unpublished op.), *review denied*, 288 Kan. 834 (2009); *State v. Horn*, 892 P.2d 513, 515–16 (Kan. Ct. App. 1995), *review denied*, 257 Kan. 1094 (1995).

---

[2] Seamens was convicted for conduct occurring on or about December 1, 2007. The statute that then provided the Kansas offense of Aggravated Sexual Battery has since been repealed and reenacted in a different location in Kansas's criminal code. *See* Act effective July 1, 2011, ch. 136, §§ 69, 307, 2010 Kan. Sess. Laws 1409, 1451, 1641–42 (repealing former Kan. Stat. § 21-3518 and enacting elsewhere statute providing same offense); Kan. Stat. § 21-5505(b)(1) (current version of statute providing offense under whose predecessor Seamens was convicted).

3

The elements of the relevant Texas statute for indecency with a child by contact are (1) either engaging in sexual contact with a child or causing a child to engage in sexual contact and (2) that the child is younger than 17 years. *See* Tex. Penal Code § 21.11(a)(1); *Speights v. State*, 464 S.W.3d 719, 722–23 (Tex. Crim. App. 2015); *Corporon v. State*, 586 S.W.3d 550, 560–62 (Tex. App.—Austin 2019, no pet.); *Kuhn v. State*, 393 S.W.3d 519, 531–32 (Tex. App.—Austin 2013, pet. ref'd). Within those elements,

> "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> > (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
> >
> > (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

Tex. Penal Code § 21.11(c).

The two statutes' elements have three significant differences. First, the Kansas statute was generally concerned with persons 16 years old or older, *see* 1993 Act § 10, but the Texas statute concerns victims younger than 17, *see* Tex. Penal Code § 21.11(a).

Second, "the nature of the sexual conduct criminalized under the two statutes is markedly different." *See Anonymous Adult Tex. Resident*, 382 S.W.3d at 538. The Kansas statute criminalized a touching without consent of any part of the victim's body, *see* 1993 Act § 10, but the Texas statute criminalizes only either (i) touching of the victim's clothed or unclothed anus, breast, or genitals or (ii) touching with the defendant's own anus, breast, or genitals, *see* Tex. Penal Code § 21.11(c). The nature of the prohibited conduct with respect to the victim's anatomy was a significant feature of *Anonymous Adult Texas Resident*. *See* 382 S.W.3d at 536–38 (considering significant contrast between Texas sexual-assault statute's focus on contact with victim's anus or

4

sexual organ and Massachusetts statute's broader focus, which could include touching of other body parts and unwanted kissing).

Finally, the Kansas statute prohibited certain touchings of the victim by the defendant. *See* 1993 Act § 10. But the Texas statute prohibits also a broad swath of different conduct entirely—touching between the child victim and a person besides the defendant. *See* Tex. Penal Code § 21.11(a)(1), (c).

Based on our comparison of the two statutes' elements, we conclude that the Kansas statute of Seamens's conviction is not substantially similar to the Texas statute for indecency with a child by contact because the two statutes' elements do not "display a high degree of likeness" and instead "involve . . . similarity in merely 'a general sense.'"[3] *See Anonymous Adult Texas Resident*, 382 S.W.3d at 535–36.

In sum, we hold that the trial court did not err by concluding that the elements of the statute of Seamens's Kansas conviction are not substantially similar to those of the Texas statute for indecency with a child by contact. We thus overrule DPS's sole issue.

---

[3] DPS resists this conclusion by urging us to follow the reasoning of *Brooks v. State*, 357 S.W.3d 777 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). But *Brooks* makes plain why the two statutes here are not substantially similar. Brooks was charged and convicted under the former Kansas statute for aggravated sexual battery against a child—"a person *under* 16 years of age." *See id.* at 787 (emphasis added). That key similarity with Texas indecency with a child led our sister court to conclude: "[T]he [statutory] differences here are minor rather than major variations on the same punishable conduct: the sexually-motivated touching *of children*." *See id.* at 789 (emphasis added). The statute of Brooks's Kansas conviction was former Section 21-3518(b), not former Section 21-3518(a) as for Seamens. *Compare* 1993 Act § 10 (former Section 21-3518(a)), *with Brooks*, 357 S.W.3d at 787 (former Section 21-3518(b)). The Kansas Legislature separated sexual-battery offenses into those against victims 16 years old or older—who mostly are adults—and those against victims younger than that. This separation highlights why the statute of Seamens's conviction is not substantially similar to Texas indecency with a child by contact.

## CONCLUSION

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:   August 25, 2021