

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00169-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT

V.

THOMAS BROWN, APPELLEE

On Appeal from the 345th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-19-003492, Honorable Jan Soifer, Presiding

September 15, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, the Texas Department of Public Safety (DPS), appeals from a district court order reversing DPS's determination that Thomas Brown was required to register as a sex offender pursuant to the Texas Sex Offender Registration Act (SORA).[2]  In its

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  In the event of any conflict, we apply the transferor court's caselaw.  TEX. R. APP. P. 41.3.

[2] *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001-.408 (West 2018 and Supp. 2020).

sole issue, DPS asserts that the district court erred in determining that Brown's prior sex-offense conviction under the Uniform Code of Military Justice (UCMJ) is not substantially similar to an offense made reportable under SORA.  We affirm the district court's order.

Background

In 2000, while serving in the United States Air Force in Missouri, Brown was convicted of two counts of indecent acts with a child under article 134 of the UCMJ.  Brown served the sentence imposed by the military tribunal.  After moving to Texas, Brown requested, in 2018, that DPS make a determination as to whether his offenses were substantially similar to any Texas offenses requiring sex offender registration and whether he was required to register as a sex offender.[3]  *See* TEX. CODE CRIM. PROC. ANN. art. 62.051(a) (West 2018) (requiring an individual with a "reportable conviction or adjudication" for certain offenses of a sexual nature to register with local law enforcement authority in any municipality where the individual resides or intends to reside for more than seven days).  DPS determined that the first offense is substantially similar to the offense set forth in section 21.11 of the Texas Penal Code.[4]  *See* TEX. PENAL CODE ANN. § 21.11 (West 2019).  Brown appealed DPS's determination to the district court in Travis County, arguing that the elements of the UCMJ offense of which he was convicted are not substantially similar to the elements of section 21.11.  *See* TEX. CODE CRIM. PROC. ANN. art. 62.003(c) (West 2018) (requiring appeals of DPS's determinations to be filed in

---

[3] Brown has fulfilled his requirement to register as an extrajurisdictional registrant under Chapter 62 of the Code of Criminal Procedure for a fifteen-year period.

[4] DPS determined that the second offense, involving "indecent language to a minor," is not substantially similar to a reportable Texas offense.

Travis County district court).  After the district court ruled in Brown's favor, DPS brought this appeal.

Analysis

Under SORA, a "reportable conviction or adjudication" includes a conviction or adjudication under federal law or the laws of another state for an offense containing elements that are substantially similar to the elements of offenses enumerated in SORA, one of which is indecency with a child.  TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A), (H) (West Supp. 2020).  A conviction under the UCMJ constitutes a conviction "under the laws of another state . . . ."  *Rushing v. State*, 353 S.W.3d 863, 868 (Tex. Crim. App. 2011).  Whether the violation of a foreign statute is substantially similar to a reportable SORA offense is a question of law which we review de novo.  *Tex. Dep't of Public Safety v. Anonymous Adult Tex. Resident*, 382 S.W.3d 531, 536 (Tex. App.—Austin 2012, no pet.).

In determining whether the two offenses are substantially similar, we are guided by the test announced by the Court of Criminal Appeals in *Fisk v. State*.  574 S.W.3d 917, 924-25 (Tex. Crim. App. 2019) (overruling in part *Anderson v. State*, 394 S.W.3d 531 (Tex. Crim. App. 2013), and *Prudholm v. State*, 333 S.W.3d 590 (Tex. Crim. App. 2011)).  In *Fisk*, the court held that offenses are substantially similar where there is a "high degree of likeness" between the elements of both offenses.  *Id.* at 922-23.  Substantial similarity does not require that a person guilty of a crime under a foreign law would also be guilty under a Texas law.  *Id.* at 922-23.  While *Fisk* involved a substantial similarity analysis for purposes of sentence enhancement, we will apply the same test for purposes of sex

3

offender registration requirements. *See, e.g., In re K.H.*, 609 S.W.3d 247, 251 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (applying test announced by *Fisk* in civil commitment proceeding after explaining that statutes for commitment, sex offender registration, and punishment enhancement "serve a similar goal of providing comity to non-Texas convictions for sexual offenses").

Our review addresses the question of whether the UCMJ offense for which Brown was convicted "display(s) a high degree of likeness" to the Texas offense of indecency with a child. *See Fisk*, 574 S.W.3d at 925. We begin our analysis by comparing the relevant statutes. At the time of appellant's conduct in 2000, the offense of an indecent act with a child under Article 134 of the UCMJ had the following elements: (1) that the accused committed a certain act upon or with the body of a certain person; (2) that the person was under 16 years of age and not the spouse of the accused; (3) that the act of the accused was indecent; (4) that the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and (5) that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. *See* Art. 134, UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 934 (2000) (general article).[5]

---

[5] The "indecent acts or liberties with a child" provision of Article 134 was deleted in 2007 by Executive Order No. 13,447, 72 Fed. Reg. 56,179, 56,237 (Oct. 2, 2007). The elements of the offense are found in the record and in the *Manual for Courts-Martial, United States*, Appx. 27, Articles Applicable to Sexual Offenses Committed Prior to 10 October 2007, Art. 134, ¶ 87(b)(1).

The relevant Texas statute, section 21.11(a)(1) of the Texas Penal Code, provides:

> A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person: (1) engages in sexual contact with the child or causes the child to engage in sexual contact[.]

TEX. PENAL CODE. ANN. § 21.11(a)(1). For purposes of section 21.11, "sexual contact" means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child or any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person, if such contact is made with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE. ANN. § 21.11(c).

DPS contends that the two statutes are substantially similar as they both criminalize intentional indecent contact with a child. In response, Brown argues that the two statutes are not substantially similar because the UCMJ statute prohibits contact with any part of a child's body, while the Texas statute prohibits contact with three specifically defined parts of the body.

The Third Court of Appeals recently analyzed the indecency with a child statute in the context of a substantial similarity determination. Mindful that we hear this case on transfer from the Third Court, we turn now to that court's precedent for direction. *See* TEX. R. APP. P. 41.3.[6]

---

[6] Under Rule 41.3, this Court must "'stand in the shoes' of the transferor court so that an appellate transfer will not produce a different outcome, based on application of substantive law, than would have resulted had the case not been transferred." TEX. R. APP. P. 41.3 cmt.

In *Texas Department of Public Safety v. Seamens*, the Third Court compared the Kansas offense of aggravated sexual battery with the Texas offense of indecency with a child by contact. No. 03-20-00432-CV, 2021 Tex. App. LEXIS 7003, at *3-6 (Tex. App.—Austin Aug. 25, 2021, no pet. h.) (mem. op.). In *Seamens*, the Third Court noted "three significant differences" between the two statutes: (1) the Kansas statute concerns victims 16 years old or older, while the Texas statute concerns victims younger than 17, (2) the Kansas statute criminalized touching without consent any part of the victim's body, while the Texas statute criminalizes touching of one of three specific body parts, namely "the anus, breast, or any part of the genitals,"[7] and (3), the Kansas statute prohibits certain touching of the victim by the defendant, while the Texas statute prohibits a broader swath of conduct, including touching between the child victim and a person besides the defendant. *Id.* at *4-5. After noting these differences, the court determined that the two statutes were not substantially similar and therefore, Seamens was not required to register as a sex offender. *Id.* at *5-6.

The court in *Seamens* relied heavily on an earlier Third Court opinion, *Texas Department of Public Safety v. Anonymous Adult Texas Resident*. In *Anonymous Adult*, the court addressed the question of substantial similarity between the Texas sexual assault statute found in section 22.011 of the Penal Code and the Massachusetts statute addressing indecent assault and battery on a person over fourteen years of age. *Tex. Dep't of Pub. Safety v. Anonymous Adult Tex. Resident*, 382 S.W.3d 531, 536-38 (Tex.

---

[7] Section 21.11 is also violated by any touching of the child's body with the anus, breast, or any part of the genitals of a person, but no such allegation was at issue in *Seamens* or in this case. *See* Tex. Penal Code Ann. § 21.11(c)(2).

6

App.—Austin 2012, no pet.). After comparing the elements, the court concluded that the two statutes were not substantially similar. *Id.* at 539. The court explained,

> Although both crimes encompass intentional behavior, the nature of the sexual conduct criminalized under the two statutes is markedly different. The 'indecent touching' of clothed or unclothed parts of the anatomy encompassed by the Massachusetts statute differs significantly from the 'contact or penetration' of a person's 'anus' or 'sexual organ' required under section 22.011(a)(1).

*Id.* The broader sweep of the Massachusetts statute when compared to the Texas law was a significant consideration in the *Anonymous Adult* case.

Finally, the Court of Criminal Appeals, in *Anderson v. State*, compared the Texas indecency with a child statute to a North Carolina statute which prohibited contact with any part of a child's body. *Anderson*, 394 S.W.3d at 534-35.[8] The court noted that the North Carolina offense criminalized a broader range of conduct, allowing for convictions in circumstances where the conduct was far from the "sexual contact" required for a conviction under section 21.11 of the Texas Penal Code. The court ultimately concluded that the elements of the two offenses were not substantially similar.

Thus, the Court of Criminal Appeals in *Anderson*, and later the Third Court of Appeals in *Seamens*, declined to find substantial similarity between a Texas offense and an out-of-state offense criminalizing physical contact with an area of a child's body other

---

[8] In *Fisk*, the Court of Criminal Appeals overruled *Anderson* to the extent that it imposed a second prong for determining substantial similarity. *See Fisk*, 574 S.W.3d at 925. However, we find instructive *Anderson*'s application of the first prong for substantial similarity, requiring that the elements being compared must display a high degree of likeness.

7

than the three areas specified in the Texas Penal Code's definition of "sexual contact." *See Seamens*, 2021 Tex. App. LEXIS 7003, at *4-5; *Anderson*, 394 S.W.3d at 539.

Certainly, some elements of the UCMJ statute and the Texas statute at issue here are similar. For example, they both proscribe certain contact with minors and they both include the element of sexual motivation. However, like the Kansas statute analyzed in *Seamens*, the UCMJ statute here "criminalize[s] a touching . . . of any part of the victim's body." *Seamens*, 2021 Tex. App. LEXIS 7003, at *4-5. The UCMJ element thus embraces a considerably broader range of prohibited conduct than that encompassed by the Texas statute's prohibition on the touching of the victim's anus, breast, or genitals. And, again like the statute at issue in *Seamens*, the UCMJ statute only prohibits "certain touchings of the victim by the defendant"; it does not address touching between the child victim and someone other than the defendant as the Texas statute does. *Id.* at *5.

Deciding this case in accordance with the precedent of the Third Court of Appeals, we conclude that the trial court did not err by concluding that the elements of Brown's UCMJ conviction are not substantially similar to Texas Penal Code section 21.11 for purposes of SORA.

Conclusion

Having overruled DPS's single issue on appeal, we affirm the order of the district court.

Judy C. Parker
Justice