# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2023

Lyle W. Cayce
Clerk

No. 22-50434

Sammy Tawakkol,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

Manager Sheila Vasquez, *in her official capacity as Manager of the Texas Department of Public Safety-Sex Offender Registration Bureau*; Director Steven McCraw, *in his official capacity as Director of the Texas Department of Public Safety*,

*Defendants—Appellants/Cross-Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-513

Before Haynes and Engelhardt, *Circuit Judges*, and deGravelles, *District Judge*.[*]

Haynes, *Circuit Judge*:

The petition for rehearing is denied. We substitute this opinion for our prior opinion.

---

[*] United States District Judge for the Middle District of Louisiana, sitting by designation.

No. 22-50434

Sammy Tawakkol sued two Texas state officials, asserting that they violated his right to procedural due process when they notified him that he was required to register as a sex offender under Texas law.  After a bench trial, the district court entered judgment in Tawakkol's favor.  Because we conclude that Tawakkol's suit is barred by sovereign immunity, we VACATE and REMAND with instructions to dismiss for lack of jurisdiction.

## I.    Background

This case implicates both the federal and Texas sex offender registration systems, so we begin with a brief overview of each.  At the federal level, the Sex Offender Registry and Notification Act ("SORNA") sets out a "comprehensive national system" for sex offender registration.  34 U.S.C. § 20901.  SORNA requires any individual convicted of a qualifying "sex offense" to register as a "sex offender."  *Id.* §§ 20913(a), 20914.  Qualifying "sex offenses" include, inter alia, certain "military offense[s] specified by the [United States] Secretary of Defense."  *Id.* § 20911(5)(A)(iv).

Although SORNA applies only at the federal level, Congress grants federal funds to state jurisdictions that agree to maintain their own parallel sex-offender registration and community-notification laws.  *See id.* §§ 20912(a), 20927.  Relevant here is Texas's SORNA-compliant sex offender registration system, Texas Code of Criminal Procedure article 62.  Under that system, an individual must register as an "extrajurisdictional" registrant in Texas if he would be "required to register as a sex offender under . . . federal law or the Uniform Code of Military Justice."  TEX. CODE CRIM. PROC. art. 62.001(10)(A)(ii).

We turn now to the facts of this case, which are straightforward and undisputed.  When he was a cadet at the United States Air Force Academy, Tawakkol was caught sneaking into women's restrooms and recording videos

of female cadets while they were using the toilet. Tawakkol pleaded guilty to violating Article 120c(a)(2) of the Uniform Code of Military Justice. The Secretary of Defense has designated Article 120c(a)(2) as a SORNA-qualifying "sex offense." So, as a result of this conviction, Tawakkol was required to register as a sex offender under SORNA.

Tawakkol later disenrolled from the Academy and moved to Houston, Texas. Once there, state officials determined that Tawakkol would be required to register as a sex offender under Texas's system as well. They concluded that Tawakkol's status as a "sex offender" under federal law rendered him an extrajurisdictional sex offender under state law—in other words, his duty to register in Texas hinged solely on his duty to register under SORNA.

When state officials notified Tawakkol of their determination, Tawakkol filed this suit against two Texas Department of Public Safety employees[1] (the "State Defendants") under 42 U.S.C. §§ 1983 and 1988. In his complaint, Tawakkol asserted that he had not committed a registrable sex offense—therefore, he alleged that the State Defendants' registration determination violated his procedural due process rights under the Fourteenth Amendment.

After a bench trial, the district court issued findings of fact and conclusions of law determining that Tawakkol was entitled to injunctive relief. Rather than address the procedural due process arguments as pleaded in Tawakkol's complaint, the district court's conclusions instead hinged on its interpretation of federal law. The district court first analyzed the language

---

[1] Specifically, Tawakkol sued Sheila Vasquez, the Manager of the Texas Department of Public Safety's Sex Offender Registration Bureau, and Steven McCraw, the Director of the Texas Department of Public Safety, in their official capacities.

of Congress's delegation of authority to the Secretary of Defense to designate certain crimes as SORNA-qualifying "sex offenses." It then concluded that the Secretary of Defense had exceeded the scope of that authority in designating Article 120c(a)(2) as a "sex offense." The court thus reasoned that Tawakkol had no duty to register under *federal* law—therefore the State Defendants lacked any basis to classify him as an extrajurisdictional offender under *state* law.

Based on these conclusions, the district court issued a final judgment (1) declaring that Tawakkol was "not required to register as a sex offender under federal or military law," and, accordingly, (2) permanently enjoining the State Defendants from requiring Tawakkol to register in Texas. The State Defendants appealed, and Tawakkol cross-appealed.

## II.    Discussion

Tawakkol invoked federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction over the claims for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 1343(a), respectively. On appeal, however, the State Defendants contend that the district court lacked subject matter jurisdiction because Tawakkol's claims are barred by sovereign immunity. Accordingly, our analysis begins and ends with that threshold issue.

We examine jurisdictional issues, such as sovereign immunity, de novo. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court. *Id.* This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.* Here, Tawakkol is suing state officials

who have not waived sovereign immunity.[2]  Accordingly, his claims are barred in federal court unless an exception to sovereign immunity applies.

Tawakkol asks the court to apply the exception to sovereign immunity carved out by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908). This exception permits a plaintiff to seek an injunction "in federal court [to] prevent[] state executive officials from enforcing state laws that are contrary to federal law." *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (citing *Ex parte Young*, 209 U.S. at 159–60).  In *Green Valley*, we made clear that "[f]or *Young* to apply, three criteria must be satisfied: (1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective."  969 F.3d at 471 (alterations accepted) (internal citations and quotation marks omitted). Tawakkol argues that his suit satisfies these requirements because he is seeking injunctive and declaratory relief against the individuals tasked with enforcing Texas's sex offender registration requirements.

Before we address the merits of Tawakkol's argument, we begin by explaining *Ex parte Young*'s legal foundations.  *Ex parte Young* is an exception to sovereign immunity that comes into play when private litigants seek to prevent state officials from enforcing an unconstitutional state law.  *See* 209

---

[2] The State Defendants concede that they raise sovereign immunity for the first time on appeal.  Ordinarily, a failure to raise an issue below would constitute waiver, but "[s]overeign immunity is jurisdictional," and "[a] lack of subject matter jurisdiction may be raised at any time." *Cozzo v. Tangipahoa Par. Council–President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) (quotation omitted) (second alteration in original).

Of course, state sovereign immunity *is* waivable, *see Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005), but there's no indication that the State Defendants waived sovereign immunity here, *see id.* (recognizing that a state must make a "'clear declaration' that it intends to submit itself to federal court jurisdiction").

U.S. at 159–68.  It is rooted in the legal fiction that, in such circumstances, the defendant-official is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Id.* at 160; *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 272–73 (1997) (citing *Ex parte Young*, 209 U.S. at 159–60).  In other words, the official "is 'not the State for sovereign-immunity purposes' when 'a federal court commands [him or her] to do nothing more than refrain from violating federal law.'"  *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (alteration in original) (quoting *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011)).

This fiction, the Supreme Court has said, is "necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'"  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984) (quoting *Ex parte Young*, 209 U.S. at 160); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985).  But the Supreme Court has also instructed that the exception must be "narrowly construed" to serve only that original purpose.  *See, e.g.*, *Pennhurst*, 465 U.S. at 114 n.25 (observing that "it is a very narrow exception that will allow suit only under the[se] standards"); *Va. Off. for Prot. & Advoc.*, 563 U.S. at 255 (noting that "[t]he doctrine is limited to that precise situation"); *Papasan v. Allain*, 478 U.S. 265, 277 (1986) (stating that the exception is "tailored to conform as precisely as possible to those specific situations").  Accordingly, the Court has repeatedly declined to interpret the exception "expansive[ly]."  *See, e.g.*, *Pennhurst*, 465 U.S. at 106 (declining to extend where violation was based on state law); *Edelman v. Jordan*, 415 U.S. 651, 678 (1974) (declining to extend where plaintiff sought retroactive relief); *Green*, 474 U.S. at 71 (declining to extend where the federal law violation was no longer "ongoing").

*Ex parte Young*'s foundations and the Supreme Court's subsequent precedent lead us to conclude that it is inapplicable in this case—the relief requested (1) falls outside the exception's narrow confines, (2) does not serve the purpose of the exception, and (3) is unsupported by any caselaw.

To start, unlike *Ex parte Young*, the injunctive relief that the district court ordered did not enjoin the State Defendants from enforcing a *state* law that violated *federal* law. To be sure, the district court ultimately *did* conclude that the State Defendants could not require Tawakkol to register as a sex offender under Texas law—but that conclusion was not based on a determination that the state registration system was unconstitutional. Rather, recall that Tawakkol was only required to register under Texas law *because* he was required to register under a federal law, SORNA.[3] Accordingly, the relief issued by the district court (1) invalidated *only federal law* and (2) prohibited the State Defendants from enforcing a state law merely because it was *consistent* with that *federal* law. Such novel relief falls squarely outside the narrow parameters articulated by *Ex parte Young* and its progeny. *See, e.g.*, 209 U.S. at 159–68; *Pennhurst*, 465 U.S. at 114 n.25; *Va. Off. for Prot. & Advoc.*, 563 U.S. at 255.

What's more, applying the exception to Tawakkol's suit would not serve *Ex parte Young*'s purpose. Because the district court's order invalidated a federal statute—instead of affirming it—invoking the exception here would not advance *Ex parte Young*'s aim of "promot[ing] the vindication of federal rights." *Pennhurst*, 465 U.S. at 105. Rather, applying the exception

---

[3] As noted above, the district court determined that the Secretary of Defense lacked authority to designate the crime Tawakkol was convicted of as a sex offense under SORNA. (Because we decide this case on jurisdiction, we do not address the merits of that determination). So, it reasoned that, because Tawakkol had no duty to register as a sex offender under federal law, the State Defendants lacked any basis to classify him as an extrajurisdictional registrant under state law.

No. 22-50434

here would "stretch [*Ex parte Young*] too far" and "upset the balance of federal and state interests that [the exception] embodies." *Papasan*, 478 U.S. at 277.

Tawakkol contends that he has met our standard addressed in *Green Valley Special Utility District v. City of Schertz*, 969 F.3d 460 (5th Cir. 2020) (en banc). As stated above, we held in *Green Valley* that "[f]or *Young* to apply, three criteria must be satisfied: (1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." 969 F.3d at 471 (internal citations and quotation marks omitted) (alterations accepted). But *Green Valley* did not purport to expand *Ex parte Young*'s narrow parameters to cover the claims at issue here. *Green Valley* turned on whether the plaintiff satisfied *Ex parte Young*'s requirement that the relief sought must be prospective—an issue that we need not reach here—and concluded that the plaintiff satisfied that requirement for at least one, but not all, forms of relief that it sought. *Id.* at 473. Our analysis does not deviate from *Green Valley*, which makes clear that our analysis is correct by echoing the Supreme Court's statement that "we look to the substance rather than to the form of the relief sought and will be guided by the policies underlying . . . *Young*."[4] *Green Valley*, 969 F.3d at 471 (quoting *Papasan*, 478 U.S. at 279). *Green Valley* involved an attack on state law, not federal law. While Tawakkol contends he meets these standards, the reality is quite the opposite: the state is not performing an ongoing violation of federal law, instead, he is contesting that federal law, as

_____

[4] Although we quoted this statement in the portion of *Green Valley* dealing with whether the relief that plaintiff sought was prospective, when the Supreme Court originally issued this statement in *Papasan*, it was speaking about the *Ex parte Young* exception in general. *Compare Green Valley*, 969 F.3d at 471 (quoting *Papasan*, 478 U.S. at 279) *with Papasan*, 478 U.S. at 278–79.

No. 22-50434

applied by the Secretary of Defense, is itself incorrect.  That is the whole point we are making here: *Ex parte Young* is not about stopping states from following federal law and determinations of same by federal officers.[5]

Indeed, it is telling that Tawakkol fails to direct us to any authority—from this court or elsewhere—applying *Ex parte Young* in a similar way. Given the Supreme Court's repeated insistence on the exception's narrow application and admonishments against broadening its reach, we decline to extend *Ex parte Young* here.  Accordingly, in the absence of any other applicable exception, we conclude that sovereign immunity bars Tawakkol's claims against the State Defendants.

### III. Conclusion

For the reasons discussed above, we VACATE the decision and REMAND the case to the district court with instructions to dismiss for lack of jurisdiction.

---

[5] We also note that, after we decided *Green Valley*, the Supreme Court stated in *Whole Women's Health* that the *Ex parte Young* exception applies to "prevent[] state executive officials from enforcing state laws that are contrary to federal law."  *Whole Woman's Health*, 142 S. Ct. at 532 (citing *Ex parte Young*, 209 U.S. 159–60).  As discussed, Tawakkol's claims do not meet this criterion.