**Affirmed, Motion for Rehearing Denied, Opinion Withdrawn and Substitute Opinion filed January 20, 2026.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-25-00009-CV

---

### SAMMY TAWAKKOL, Appellant

### V.

### SHEILA VASQUEZ, IN HER OFFICIAL CAPACITY AS MANAGER OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY- CRIMINAL HISTORY RECORD INFORMATION SERVICES BUREAU; AND FREEMAN F. MARTIN, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellees

---

**On Appeal from the 200th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-24-001566**

---

### SUBSTITUTE  OPINION

We deny Sammy Tawakkol's motion for rehearing, withdraw our prior opinion dated November 20, 2025, and substitute the following opinion of the Court.

Appellant Sammy Tawakkol appeals the trial court's dismissal of his claims

filed against Appellees Sheila Vasquez and Freeman Martin[1] as officials of the Department of Public Safety (DPS). In Tawakkol's first two issues, he alleges that his claims are not barred by either res judicata or collateral estoppel. In Tawakkol's third issue, he argues the trial court maintained jurisdiction over his ultra vires claims. Concluding that Tawakkol did not plead a cognizable cause of action, we affirm the judgment of dismissal.

## BACKGROUND

### I.    Proceedings in Federal Court

When Tawakkol was a cadet at the United States Air Force Academy, he pleaded guilty to violating Article 120c(a)(2) of the Uniform Code of Military Justice. The Secretary of Defense designated Article 120c(a)(2) as an offense that requires a convicted individual to register as a sex offender. 34 U.S.C. § 20911(5)(A)(iv). As a result of this conviction, Tawakkol was required to register as a sex offender under the federal Sex Offender Registry and Notification Act. *Id.* § 20913(a).

Tawakkol later disenrolled from the Academy and moved to Houston, Texas. Once there, DPS officials determined that Tawakkol would be required to register as a sex offender under Texas's sex offender registration system. *See* Tex. Code Crim. Proc. art. 62.001(10)(A)(ii) (defining an "[e]xtrajurisdictional registrant" as a person who is required to register as a sex offender under the Uniform Code of Military Justice). DPS officials concluded that Tawakkol's status as a sex offender under federal law rendered him an extrajurisdictional sex offender under state law—

---

[1] Steven McCraw, who in his official capacity as Director of the Texas Department of Public Safety was previously a named defendant in this case, was succeeded by Freeman F. Martin. In accordance with Rule 7.2(a) of the Texas Rules of Appellate Procedure, Director Martin has been automatically substituted in Director McCraw's place in this appeal. For clarity we refer to actions by Director McCraw in this opinion.

in other words, his duty to register in Texas hinged solely on his duty to register under the federal statute. *See Tawakkol v. Vasquez,* 87 F.4th 715, 717 (5th Cir. 2023).

When DPS officials notified Tawakkol of their determination, Tawakkol filed suit in federal district court against two DPS employees, Vasquez, and McCraw (the State Officials) under Sections 1983 and 1988 of Title 42 of the United States Code. *Id*. In his complaint, Tawakkol asserted that the State Officials' registration determination violated his procedural due process rights under the Fourteenth Amendment to the U. S. Constitution because he had not committed a registrable sex offense. *Id*.

After a bench trial, the federal district court issued findings of fact and conclusions of law determining that Tawakkol was entitled to injunctive relief. *Tawakkol v. Vasquez*, No. 1:19-CV-513-LY, 2022 WL 20564755, at *5 (W.D. Tex. Mar. 29, 2022), *vacated and remanded*, 87 F.4th 715 (5th Cir. 2023) (*Tawakkol I*). The district court concluded that the Secretary of Defense had exceeded the scope of his authority in designating Article 120c(a)(2) as a sex offense. *Id*. at *4–5. The court reasoned that the State Officials lacked any basis to classify Tawakkol as an extrajurisdictional offender under state law because Tawakkol had no duty to register under federal law. *Id*. at *5.

Based on these conclusions, the district court issued a final judgment (1) declaring that Tawakkol was not required to register as a sex offender under federal or military law, and (2) permanently enjoining the State Officials from requiring Tawakkol to register in Texas. *Id*. The State Officials and Tawakkol appealed to the Fifth Circuit.

On appeal, the State Officials alleged the district court lacked subject matter jurisdiction because Tawakkol's claims were barred by sovereign immunity. *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023) (*Tawakkol II*). Tawakkol

asserted that the exception to sovereign immunity set out in *Ex parte Young*, 209 U.S. 123 (1908) applied to his case. *Id*. This exception allows a plaintiff to seek an injunction in federal court to prevent state officials from enforcing state laws that are contrary to federal law. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (citing *Ex parte Young*, 209 U.S. at 159–60). Similar to the ultra vires exception in Texas, for *Young* to apply, the plaintiff must (1) name individual state officials as defendants in their official capacities; (2) allege an ongoing violation of federal law; and (3) seek prospective injunctive relief. *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 471 (5th Cir. 2020); *see City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) (determining that in order to fall within ultra vires exception to sovereign immunity, a plaintiff must (1) sue defendants in their official capacities; (2) allege the officer acted without legal authority or failed to perform a purely ministerial act; and (3) request prospective injunctive relief).

The Fifth Circuit held that the *Ex parte Young* exception did not apply to Tawakkol's request for declaratory and injunctive relief because the district court's decision did not enjoin the State Officials from enforcing a state law that violated a federal law. *Tawakkol II*, 87 F.4th at 719. The court determined that the relief issued by the district court invalidated only federal law and prohibited the State Officials from enforcing a state law merely because it was consistent with federal law. *Id*. The Fifth Circuit then vacated the district court's decision and remanded to that court with instructions to dismiss for lack of jurisdiction. *Id*. at 720–21.

## II.    Proceedings in Texas

After the federal district court dismissed Tawakkol's claims, he filed a petition in Texas arising from the same transaction alleged in his federal complaint. Tawakkol invoked Article 62.003 of the Texas Code of Criminal Procedure and

Chapter 37 of the Texas Civil Practice and Remedies Code seeking declaratory and injunctive relief reversing the State Officials' determination that he was required to register as a sex offender in Texas.

Tawakkol alleged the State Officials acted without authority when they determined that Tawakkol was required to register as a sex offender in Texas as an extrajurisdictional registrant in a letter sent to Tawakkol's attorney:

> Thank you for your inquiry regarding Mr. Tawokkol's duty to register as a sex offender in Texas. Neither offense cited in your letter is considered substantially similar to a reportable offense in Texas. Therefore, the Texas offense is not a "reportable conviction or adjudication" requiring registration under CCP Chapter 62. However, pursuant to CCP Art. 62.001(10), the offense under Art. 120c(a)(2) of the Uniform Code of Military Justice requires Mr. Tawokkol to register as an extrajurisdictional registrant in Texas.

Tawakkol asked the trial court to reverse the determination made by the State Officials "as authorized by Article 62.003(c) of the Texas Code of Criminal Procedure, wherein Defendants erroneously determined Plaintiff is an 'extrajurisdictional registrant' as defined by Article 62.001(10) of the Texas Code of Criminal Procedure." Tawakkol further sought a declaratory judgment declaring that he is not an extrajurisdictional registrant as defined by Article 62.001(10).

The State Officials filed a motion to dismiss for lack of jurisdiction in which they alleged that Tawakkol's claims were barred by res judicata and collateral estoppel. The State Officials also alleged that Tawakkol failed to plead a cognizable cause of action under Article 62.003 of the Texas Code of Criminal Procedure because Article 62.003 applies only to determinations of whether an offense under laws of other jurisdictions is substantially similar to the elements of an offense in Texas. After a non-evidentiary hearing, the trial court granted the plea to the jurisdiction and dismissed Tawakkol's claims, finding his claims were barred by the

5

doctrines of res judicata and collateral estoppel, and finding Tawakkol lacked any cognizable cause of action under Texas law. This appeal followed.

## ANALYSIS

In Tawakkol's first two issues, he challenges the trial court's dismissal on the grounds that his claims were not barred by res judicata or collateral estoppel. In Tawakkol's third issue he challenges the trial court's dismissal on the ground that he did not allege a cognizable ultra vires cause of action.

## I.      Standard of Review

Whether a trial court has jurisdiction is a question of law subject to de novo review. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Generally, sovereign immunity deprives a trial court of jurisdiction over a lawsuit in which a party has sued the State or a state agency unless the Legislature has consented to suit. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003).

When considering a plea to the jurisdiction, our analysis begins with the live pleadings. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). We first determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In doing so, we construe the pleadings liberally in favor of the plaintiff, and unless challenged with evidence, we accept all allegations as true. *Id*. at 226–28. The plea must be granted if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Heckman*, 369 S.W.3d at 150.

6

**II.    Res Judicata Is an Affirmative Defense Rather than a Jurisdictional Bar to Suit.**

Tawakkol first challenges the trial court's dismissal on the grounds that his claims are barred by res judicata and collateral estoppel. In the trial court, the State Officials filed a motion to dismiss for lack of jurisdiction in which they asserted, as applicable here, that the doctrine of res judicata deprived the trial court of jurisdiction. Specifically, the State Officials argued that the claims raised by Tawakkol in state court were fully and finally adjudicated in federal court. The State Officials further alleged that the doctrine of collateral estoppel prohibited Tawakkol from re-litigating the issue that the officials committed ultra vires acts when they determined he was required to register as a sex offender in Texas. The trial court found that Tawakkol's claims were barred by both doctrines.

Res judicata requires proof of: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). On appeal, Tawakkol argues that the res judicata doctrine does not deprive the trial court of jurisdiction because the federal court's dismissal of his claim is not a "final judgment on the merits." The State Officials respond that the federal court reached the merits of Tawakkol's claim because it found it lacked jurisdiction to hear the claims. Because the federal court found Tawakkol's claims were barred by sovereign immunity, the State Officials argue that Tawakkol is barred from asserting claims against the State Officials in state court. We need not resolve this dispute because the doctrine of res judicata acts as a plea in bar and does not deprive the trial court of jurisdiction.

"Res judicata is a generic term for the related concepts of claim preclusion (res judicata) and issue preclusion (collateral estoppel)." *Town Park Ctr., LLC v. City of Sealy*, 639 S.W.3d 170, 182 (Tex. App.—Houston [1st Dist.] 2021, no pet.). In the trial court, the State Officials argued that res judicata deprived the trial court of subject matter jurisdiction because Tawakkol's claims had previously been disposed in federal court. Res judicata, however, is not a plea to the jurisdiction, but an affirmative defense, which is a plea in bar. *Id*. As a plea in bar, the doctrine of res judicata does not provide justification for summary dismissal on the pleadings. *Id*. "An 'affirmative defense' like res judicata 'should be raised through a motion for summary judgment or proven at trial.'" *Id*. (quoting *Reyes v. Thrifty Motors, Inc.*, No. 01-15-00699-CV, 2016 WL 3571101, at *2 (Tex. App.—Houston [1st Dist.] June 30, 2016, no pet.) (mem. op.)).

Because a plea in bar challenges the plaintiff's right to recover and reaches the merits of a case, the matter is typically disposed of following a trial, not in a preliminary hearing. *Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 214 (Tex. 1958). If a plea in bar is sustained, the trial court can enter a judgment finally disposing of the controversy for the defendant. *Id*. In contrast, a plea to the jurisdiction is a challenge to the court's power to hear the suit, which, if sustained, requires dismissal of the case. *See Tex. Hwy. Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967).

"Nevertheless, a 'speedy and final judgment may be obtained on the basis of matters in bar and without the formality of a trial on the merits, if the parties so agree or if recourse is had to the process of summary judgment where contested fact issues are not present.'" *Town Park Ctr.*, 639 S.W.3d at 183 (quoting *Kelley*, 309 S.W.2d at 214.).

Here, there is no agreement between the parties. In such circumstances, courts have reviewed the record to determine whether the proceeding, though misnamed,

can be characterized as a true summary judgment proceeding. *See Town Park Ctr.*, 639 S.W.3d at 183 (collecting cases). In this case, however, we need not determine whether the proceeding in the trial court carried the hallmarks of a true summary judgment proceeding because the trial court sustained the motion to dismiss on the alternative ground that Tawakkol had not alleged a cognizable cause of action under Article 62.003 of the Code of Criminal Procedure.

We conclude the trial court's dismissal cannot be upheld on res judicata grounds.

### III. Collateral Estoppel Does Not Apply to Deprive the Trial Court of Jurisdiction over Tawakkol's Ultra Vires Claim.

In the trial court the State Officials argued that Tawakkol's ultra vires claims were barred by the doctrine of collateral estoppel. To prevail under the doctrine of collateral estoppel, a party must show that (1) the issue as to which it seeks to estop relitigation is the identical issue in the other case; (2) the facts in the current suit were fully and fairly litigated in the earlier action; (3) the same facts were essential to the judgment in the first suit; and (4) the parties were cast as adversaries in the first action. *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 85–86 (Tex. 2025).

Tawakkol argues that because dismissal of his federal claim was limited to a determination that his claims were barred by federal sovereign immunity, and because federal sovereign immunity differs from sovereign immunity under Texas law, which encompasses the ultra vires exception, collateral estoppel did not bar his claims. The State Officials respond that issue preclusion, or collateral estoppel, deprives the trial court of jurisdiction over Tawakkol's claim.

Collateral estoppel, like res judicata, is an affirmative defense that acts as a plea in bar, not as a plea to the jurisdiction. *Town Park Ctr.*, 639 S.W.3d at 182–83;

Tex. R. Civ. P. 94. The trial court's dismissal, therefore cannot be upheld under the doctrine of collateral estoppel. We turn to the alternative ground upon which the trial court dismissed Tawakkol's claims—the failure to assert a cognizable cause of action under Article 62.003 of the Code of Criminal Procedure.

## IV. The Trial Court did not Err in Granting the State Officials' Motion to Dismiss Because Tawakkol did not Plead a Cognizable Cause of Action.

In Tawakkol's third issue he challenges the trial court's finding that he failed to plead a cognizable cause of action under Texas law. In the trial court, Tawakkol alleged that the State Officials erred in determining that he was required to register as a sex offender under Chapter 62 of the Code of Criminal Procedure and that such error constituted an ultra vires act. In addition to injunctive relief, Tawakkol asked the trial court to reverse the State Officials' determination "as authorized by Article 62.003(c) of the Texas Code of Criminal Procedure" that Tawakkol is an extrajurisdictional registrant. Tawakkol also sought a declaratory judgment that he is not an extrajurisdictional registrant as defined by Article 62.001(10) of the Code of Criminal Procedure. In their motion to dismiss, the State Officials alleged that Tawakkol lacked a cognizable cause of action under Article 62.003 because that article applies to determinations of whether an offense under laws other than Texas laws was substantially similar to the elements of an offense under the laws of Texas. *See* Tex. Code Crim. Proc art. 62.003.

The Declaratory Judgments Act provides only a limited waiver of sovereign immunity for challenges to the validity of an ordinance or statute. *Morath v. Kingsville Indep. Sch. Dist.*, 710 S.W.3d 918, 929 (Tex. App.—15 Dist. 2025, no pet.). Tawakkol does not challenge the validity of an ordinance or statute; therefore, the Declaratory Judgments Act does not waive sovereign immunity. *Id*.

Sovereign immunity, however, does not bar a suit that seeks to bring

government officials into compliance with statutory or constitutional provisions. *Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 348 (Tex. 2019). Such claims, known as ultra vires claims, must be brought against government officials in their official capacity and may only seek prospective injunctive remedies. *Id*. Tawakkol asserts the trial court has jurisdiction over the State Officials pursuant to the ultra vires exception because the State Officials failed to comply with Article 62.003 of the Code of Criminal Procedure.

To fall within the ultra vires exception, a suit "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *See Heinrich*, 284 S.W.3d at 372. A government official acts without legal authority if he or she exceeds the bounds of the granted authority or if his or her acts conflict with the law itself. *See Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 158 (Tex. 2016).

Tawakkol asserts that the State Officials committed ultra vires acts by determining that he was required to register as a sex offender with an extrajurisdictional conviction under Article 62.003 of the Code of Criminal Procedure. The State Officials respond that Article 62.003(c) does not provide Tawakkol with a cognizable claim because it exclusively applies to determinations of whether an offense under laws other than Texas's laws are "substantially similar to the elements of an offense under the laws of this state." Tex. Code Crim. Proc art. 62.003. In addressing Tawakkol's issue, we begin with an overview of the sex-offender registration schemes in the federal and state statutes.

## A. The Federal Statutory Scheme

At the federal level, the Sex Offender Registry and Notification Act (Federal Act) sets out a comprehensive national system for sex offender registration. 34 U.S.C. § 20901. Under the Federal Act, those who have been convicted of certain

sex crimes in any state or federal jurisdiction are required to provide local authorities—in whatever state where they reside—with their names and other identifiers for inclusion in updated state and federal sex offender registries. *Id*. § 20913. Under the Federal Act, the failure to register with the appropriate state authorities when one travels to a different state is a federal offense. 18 U.S.C. § 2250.

## B.     The Texas Statutory Scheme

Texas's sex offender registration statutes are codified in Chapter 62 of the Texas Code of Criminal Procedure. Chapter 62 defines the scope of Texas's sex offender registration program and delineates the legal duties of those who administer it and those subject to its requirements. *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012). Under Article 62.001(5)(H), a "reportable conviction" may be "a violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of" an enumerated Texas sex offense. Tex. Code Crim. Proc. art. 62.001(5)(H). Under that statute, Texas compares the elements of its sex offenses to the elements of the extrajurisdictional conviction. If those elements are substantially similar, then the offender is subject to the requirements of Chapter 62, the Texas Sex Offender Registration Program. *Id*. Article 62.003(c) provides that an appeal of a determination made under that article "shall be brought in a district court in Travis County." Tex. Code Crim. Proc art. 62.003(c).

Under Article 62.052, however, even if the elements of the out-of-state conviction are not substantially similar to the elements of a Texas offense, that person may still be subject to the registration requirements of the Texas Sex Offender Registration Program. Tex. Code Crim. Proc. art. 62.052 ("An extrajurisdictional registrant is required to comply with the annual verification requirements of Article

12

62.058 in the same manner as a person who is required to verify registration on the basis of a reportable conviction or adjudication."). Under Article 62.052, the duty to register does not expire until the duty to register would expire under the laws of another state, foreign country, or the Uniform Code of Military Justice. *Id*. art. 62.052(b). DPS and another jurisdiction may enter into a reciprocal registration agreement that requires the out-of-state sex offender to register in Texas to prevent offenders "from frustrating the public purpose of the registration of sex offenders by moving from one state to the other." *Id*. art. 62.052(c). Thus, Texas defers to the convicting jurisdiction and requires such offenders to register in Texas for the time period prescribed by the convicting jurisdiction's registration scheme.

Under the Texas statutory scheme, a convicted sex offender who moves to Texas will be required to register in Texas if (a) the elements of the prior offense are "substantially similar" to those of a reportable Texas sex offense; *or* (b) the person is required to register as a sex offender under the Uniform Code of Military Justice or federal or foreign law, or the laws of another state with which Texas has a reciprocal registration agreement. *See Tex. Dep't of Pub. Safety v. Anonymous Adult Tex. Resident*, 382 S.W.3d 531, 533 n.2 (Tex. App.—Austin 2012, no pet.) (recognizing that individual can be required to register as a sex offender under the laws of another state with which DPS has entered into a reciprocal registration agreement); *see also* Tex. Code Crim. Proc. art. 62.001(10) (defining "extrajurisdictional registrant"), .052 (imposing registration requirement for extrajurisdictional registrants).

Under Article 62.052, as opposed to Article 62.003, the duty to register and the duration of that duty are determined by the law of the convicting jurisdiction, not by a Texas statute. *See* Tex. Code Crim. Proc art. 62.052(b). Article 62.052 requires all extrajurisdictional registrants who are required by the Federal Act to register in

Texas to do so even if the elements of their out-of-state offenses are not "substantially similar" to an analogous Texas offense. *See Anonymous Adult Tex. Resident*, 382 S.W.3d at 534 n.2.

### C.    Tawakkol's Claims in the Trial Court

In the trial court Tawakkol asked the court to "[r]everse the determination made by Defendants . . . as authorized by Article 62.003(c) of the Texas Code of Criminal Procedure, wherein Defendants erroneously determined Plaintiff is an 'extrajurisdictional registrant' as defined by Article 62.001(10) of the Texas Code of Criminal Procedure." As noted above, Article 62.003, by its plain language, applies to determinations of whether an offense under laws other than Texas laws "contains elements that are substantially similar to the elements of an offense under the laws of this state." Tex. Code Crim. Proc art. 62.003(a). However, Tawakkol was not required to register pursuant to Article 62.003, but rather pursuant to Article 62.052, which does not provide for a determination by DPS or an appeal to Travis County district court. *Compare id*. art. 62.003(c) (permitting appeal of decision to a district court in Travis County) *with* art. 62.052 (providing no discretion to DPS or appeal). Likewise, Article 62.001(10), which defines an "extrajurisdictional registrant" as a person who is required to register as a sex offender under the Uniform Code of Military Justice or federal law, does not give DPS the *authority* to second guess the propriety of the Secretary of Defense's designation or provide for an appeal to Travis County district court. Because the State Officials did not make a determination under Article 62.003(a), the trial court lacked jurisdiction under Section 62.003(c).

In response to the State Officials' motion to dismiss, Tawakkol argued that even if Article 62.003 did not vest the trial court with jurisdiction to review the State Officials' decision, the court had jurisdiction to review Tawakkol's claims that the

14

State Officials acted outside their authority and thus committed ultra vires acts. The State Officials respond by asserting they had no discretion in determining whether Tawakkol was required to register as an extrajurisdictional registrant. That decision was made by federal authorities under federal law. We agree with the State Officials.

In the trial court, Tawakkol argued that the State Officials' discretion to classify a person as an extrajurisdictional registrant was limited to those who were convicted of a "federally defined" sex offense who were not otherwise required to register under Texas law. In claiming the State Officials acted without legal authority, Tawakkol relied on the federal district court decision that the Secretary of Defense had exceeded the scope of his authority in designating Article 120c(a)(2) as a sex offense. *Tawakkol I*, 2022 WL 20564755, at *4–5. The State Officials, however, were not bound by the district court's decision as it was vacated in *Tawakkol II*. 87 F.4th at 720.

On appeal, Tawakkol first asserts that the State Officials' actions were taken without legal authority because any legal duty the State Officials held to follow federal law arose under the "Spending Clause" of the U.S. Constitution and an agreement between the State and the federal government. Tawakkol asserts that "by its nature such an agreement, had it been in effect when [the State Officials] acted, would have been 'voluntary' and therefore 'discretionary' on the part of the State of Texas." Second, Tawakkol asserts that the State opted out of its agreement with the federal government. In that regard, Tawakkol argues the State Officials "can hardly argue persuasively that they were 'compelled' to comply with *ultra vires* interpretations of federal law made by the U.S. Secretary of Defense . . . ."

Neither of Tawakkol's arguments addresses Article 62.052 and its direction that the State Officials require all extrajurisdictional registrants who are required by federal law to register in Texas to do so even if the elements of their out-of-state

15

offenses are not "substantially similar" to an analogous Texas offense. The Texas Code of Criminal Procedure removes all discretion from the State Officials sued by Tawakkol in this action. *See* Tex. Code Crim. Proc art. 62.052. Once the federal government determined that Tawakkol was required to register as a sex offender, the State Officials had no discretion under Texas law but to require his registration. *Id*. Tawakkol's complaint is properly brought to the Secretary of Defense who classified his offense as one requiring registration, not DPS officials following Texas statutes.

The Texas Supreme Court "described the *ultra vires* doctrine as limited to those claims where the government official acted 'without state authority' by exceeding 'the bounds of his granted authority.'" *Chambers-Liberty Ctys.*, 575 S.W.3d at 354 (quoting *Hall v. McRaven*, 508 S.W.3d 232, 234, 238 (Tex. 2017)). Tawakkol failed to plead a claim under Article 62.003 or that the State Officials acted outside of their legal authority.[2] Accordingly, the trial court did not err in granting the plea to the jurisdiction. We overrule Tawakkol's third issue.

## CONCLUSION

We affirm the trial court's order of dismissal.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[2] In a reply brief, Tawakkol argues he asserted an "equitable" claim that the State Officials acted ultra vires. Tawakkol, however, did not allege that the State Officials acted outside of their authority beyond that required by Chapter 62 of the Code of Criminal Procedure.